Peter J. **PETKAS**, Appellant,

v.

Elmer B. **STAATS**, Chairman, Cost Accounting Standards Board.

No. 73-2153.

United States Court of Appeals, District of Columbia Circuit.

Argued April 8, 1974.

Decided July 25, 1974.

Larry P. Ellsworth, Ronald L. Plesser and Alan B. Morrison, Washington, D. C., were on the brief for appellant.

Irving Jaffe, Acting Asst. Atty. Gen., Earl J. Silbert, U. S. Atty., Leonard Schaitman and Edwin E. Huddleson, III, Attys., Dept. of Justice, were on the brief for appellee.

Before ROBINSON and MacKINNON, Circuit Judges, and DAVIES,* Senior District Judge for the District of North Dakota.

RONALD N. DAVIES, Senior District Judge:

This appeal attacks the holding[1] of the District Court that the Cost Accounting Standards Board (Board) need not reveal to the appellant the Disclosure Statements filed with the Board by Lockheed Aircraft Corporation, International Telephone and Telegraph Corporation, General Motors Corporation and their respective reporting subdivisions, on the grounds the Disclosure Statements fell within the exemption provided by subsection (b)(4) of the Freedom of Information Act (Act), 5 U.S.C. § 552.

The Board was created by Congress[2] to promulgate cost accounting standards designed to achieve uniformity and consistency in cost-accounting principles followed by defense contractors and subcontractors under Federal contracts[3] and was authorized to require defense contractors and subcontractors, as a condi-

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. Petkas v. Staats, 364 F.Supp. 680 (D.D.C. 1973).

2. 50 U.S.C. App. § 2168(a).

3. 50 U.S.C. App. § 2168(g).

tion of contracting, to disclose in writing their cost-accounting principles, including methods of distinguishing direct from indirect costs and the basis used to allocate indirect costs.[4]

The promulgated regulations, 4 C.F.R. § 351.2, et seq., require all defense contractors and their reporting subdivisions who enter into negotiated national defense contracts with the United States in excess of $100,000.00 to submit Disclosure Statements setting forth their cost-accounting principles. The regulations also provide[5] that:

"The Cost Accounting Standards Board will not make disclosure statements public in any case when the contractor files its statement specifically conditioned on the Government's agreement to treat the Disclosure Statement as confidential information."

The appellant, Peter J. Petkas, contacted the Board seeking access to designated Disclosure Statements pursuant to § 552(a)(3) of the Act under which ". . . each agency, on request for identifiable records . . . shall make the records promptly available to any person . . .". Contending that the Disclosure Statements were filed conditioned on the Government's agreement to treat them as confidential[6] and were encompassed within subsection (b)(4) of the Act, which exempts from disclosure ". . . trade secrets and commercial or financial information obtained from a person and privileged or confidential; . . .", the Board denied appellant's request.

In an action commenced under § 552(a)(3) of the Act seeking to compel disclosure, the District Court, after an *in camera* inspection of the Disclosure Statements, determined the matter *de novo* and found that the Disclosure Statements called for full disclosure of the specific cost-accounting principles, practices and methods used by the com-

panies as a contractual base line with the Government; that the underlying formulae upon which defense contractor submitted his bid and cost estimates were revealed and they provided significant insight and analysis of a company's financial operation; that the data were specialized, tailored particularly to the operations of the reporting company and were important and sensitive financial information; that in view of 4 C.F.R. § 351.5(d), the Government was obligated to treat the information as confidential; and held that the documents were financial or commercial and confidential, and thus fell within the exemption provided by subsection (b)(4) of the Act.

The District Court also found that the fear of the contractors that release of the Disclosure Statements would place the companies at a competitive disadvantage and would deter them from contracting with the Government was not entirely groundless, citing Sterling Drug Company, Inc. v. Federal Trade Commission, 146 U.S.App.D.C. 237, 450 F.2d 698 (1971), and Grumman Aircraft Engineering Corp. v. Renegotiation Board, 138 U.S.App.D.C. 147, 425 F.2d 578 (1970), for the proposition that the Disclosure Statements contained information that would customarily not be released to the public, and thus exempt from disclosure under subsection (b)(4).

"The Freedom of Information Act was conceived in an effort to permit access by the citizenry to most forms of government records. In essence, the Act provides that all documents are available to the public unless specifically exempted by the Act itself. This court has repeatedly stated that these exemptions from disclosure must be construed narrowly, in such a way as to provide the maximum access consonant with the overall purpose of the Act. By like token and specific provision of the Act, when the Government declines to disclose a document the burden is upon the agency to prove *de*

---

4.  50 U.S.C. App. § 2168(h)(1).

5.  4 C.F.R. § 351.4(d).

6.  4 C.F.R. §§ 331.5 and 351.4(d).

*novo* in trial court that the information sought fits under one of the exemptions to the FOIA.

"Thus the statute and the judicial interpretations recognize and place great emphasis upon the importance of disclosure." (Footnotes omitted.) Vaughn v. Rosen, 157 U.S.App.D.C. 340, 484 F.2d 820 (1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed. 2d 873 (1974).

This Court recently considered the issue of what constitutes information that is "confidential" within the meaning of the exemption in National Parks and Conservation Association v. Morton, Secretary, Department of the Interior, et al., 162 U.S.App.D.C. ——, 498 F.2d 765 (1974):

> "Unfortunately, the statute contains no definition of the word 'confidential.' In the past, our decisions concerning this exemption have been guided by the following passage from the Senate Report, particularly the italicized portion:
>
>> "This exception is necessary to protect the confidentiality of information which is obtained by the Government, through questionnaires or other inquiries, *but which would customarily not be released to the public by the person from whom it was obtained.*
>
> "S.Rep.No. 813, 89 th Cong., 1st Sess. 9 (1965) (emphasis added), cited in Sterling Drug, Inc. v. FTC, 146 U.S. App.D.C. 237, 450 F.2d 698, 709 (1971); Grumman Aircraft Engineering Corp. v. Renegotiation Board, 138 U.S.App.D.C. 147, 425 F.2d 578, 582 (1970). We have made it clear, however, that the test for confidentiality is an objective one. Bristol-Myers Co. v. FTC, 138 U.S.App.D.C. 22, 424 F.2d 935, 938, cert. denied, 400 U.S. 824, 91 S.Ct. 46, 27 L.Ed.2d 52 (1970); *cf.* Benson v. General Services Administration, 289 F.Supp. 590, 594 (W.D. Wash.1968), aff'd, 415 F.2d 878 (9th Cir. 1969). Whether particular information would customarily be disclosed to the public by the person from whom it was obtained is not the only relevant inquiry in determining whether that information is 'confidential' for purposes of section 552(b)(4). A court must also be satisfied that non-disclosure is justified by the legislative purpose which underlies the exemption. Our first task, therefore, is to ascertain the ends which Congress sought to attain in enacting the exemption for 'commercial or financial' information.

> "In general, the various exemptions included in the statute serve two interests—that of the Government in efficient operation and that of persons supplying certain kinds of information in maintaining its secrecy. * * *"

And went on to hold:

> "To summarize, commercial or financial matter is 'confidential' for purposes of the exemption if disclosure of the information is likely to have either of the following effects: (1) to impair the Government's ability to obtain necessary information in the future; or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained." (Footnote omitted.)

▪ The District Court there, as well as in the instant case, concluded that the information sought was of the kind "that would not generally be made available for public perusal." While there is no error in this finding it is not, by itself, sufficient to support application of the financial information exemption. "The district court must also inquire into the possibility that disclosure will harm legitimate private or governmental interests in secrecy. * * *" National Parks and Conservation Association, *supra.*

▪ Nor can a promise of confidentiality in and of itself defeat the right of disclosure. Robles v. Environmental Protection Agency, 484 F.2d 843 (4th Cir. 1973); Getman v. N.L.R.B., 146 U. S.App.D.C. 209, 450 F.2d 670 (1971);

890

Ackerly v. Ley, 137 U.S.App.D.C. 133, 420 F.2d 1336, 1339–1340, n. 3 (1969).

The judgment of the District Court is reversed and this matter is remanded for further proceedings consistent with this opinion.