PACIFIC ARCHITECTS AND ENGI-
NEERS INCORPORATED,
Appellant,

v.

The RENEGOTIATION BOARD.
No. 73-2093.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 12, 1974.

Decided Oct. 8, 1974.

Michael Evan Jaffe, Washington, D. C., with whom Burton A. Schwalb, Washington, D. C., was on the brief for appellant.

Thomas G. Wilson, Atty., Dept. of Justice, with whom Irving Jaffe, Acting Asst. Atty. Gen., Earl J. Silbert, U. S. Atty. and Leonard Schaitman, Atty., Dept. of Justice, were on the brief, for appellee.

Before BAZELON, Chief Judge, and ROBINSON and MacKINNON, Circuit Judges.

BAZELON, Chief Judge:

In the context of an on-going renegotiation proceeding, appellant Pacific Architects and Engineers, Inc., sought to obtain under the provisions of the

Freedom of Information Act, 5 U.S.C. § 552 (1970), certain documents from the Renegotiation Board. After a protracted period of negotiation over appellant's request, the Board disclosed a significant portion of the documents sought by appellant. However, the Board refused to disclose documents in three categories. Those categories are: (1.) non-renegotiable business statistics contained in Standard Forms of Contractor's Reports (Form RB–1) and in Screening Reports and Code Sheets (Form RB–11) of several contractors in the same region as appellant who are also subject to the Renegotiation Act; (2.) the recommendation of the Office of Screening and Exemption in renegotiation cases in appellant's region which were given a "Notice of Clearance Without Assignment", such recommendation being contained in Form RB–11; and (3.) certain memoranda of conversations between the staff of the Renegotiation Board and other contractors in appellant's region. Appellant filed suit in the District Court to obtain disclosure of these three categories of documents. The District Court upheld the Renegotiation Board's argument that the documents in categories (1.) and (3.) were exempt from disclosure on the basis of Exemption 4 of the Freedom of Information Act, 5 U.S.C. § 552(b)(4) (1970) and that the documents in category (2.) were exempt from disclosure on the basis of Exemption 5 of the Freedom of Information Act, 5 U.S.C. § 552(b)(5) (1970).[1] This appeal followed.

The disputed documents in categories (1.) and (3.) contain business sales statistics and business tax data which are allegedly "confidential" within the meaning of Exemption 4. The established tests for determining whether documents are "confidential" business statistics within the meaning of Exemption 4 are that the statistics must be the sort not customarily disclosed to the public[2] and that disclosure of the statistics must not be likely to either impair the government's ability to obtain necessary information in the future or cause substantial harm to the competitive position of the person from whom the information is obtained.[3] On the basis of the record presently before us we cannot decide whether the documents contained in categories (1.) and (3.) meet those tests. Our recent decisions in Vaughn v. Rosen, 157 U.S.App.D.C. 340, 484 F.2d 820 (1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974) and Cuneo v. Schlesinger, 157 U.S.App.D.C. 368, 484 F.2d 1086 (1973) suggested procedures which would produce the information necessary to resolve conflicting claims concerning the applicability of Exemption 4. The purpose of the specific procedures suggested in *Vaughn* and *Cuneo* was to prevent an agency from thwarting the intent of the Freedom of Information Act by making "conclusory and generalized allegations of exemptions. . . . " 484 F.2d at 826; 484 F.2d at 1092. One manner in which such conclusory allegations thwart the purpose

---

1. Pacific Architects & Eng'rs, Inc. v. Renegotiation Bd., Civil No. 918–73 (D.D.C. filed Aug. 21, 1973). The District Court held that the entire RB–11 and all the memoranda in category (3.) were totally exempt. On appeal, the Renegotiation Board recognizes that this holding is inconsistent with our decision in Sterling Drug, Inc. v. FTC, 146 U.S.App.D.C. 237, 450 F.2d 698, 704 (1971) and has voluntarily turned over certain information contained in the memoranda in category (3.) which does not involve confidential business information. The Renegotiation Board also correctly recognizes that the District Court erred in holding all the information on the Form RB–11 exempt. *See* Brief for the Renegotiation Board at 9–11. We assume that upon remand of the record in this case the parties can stipulate which segments of the memoranda in category (3.) are still undisclosed and the Exemption under which that nondisclosure is justified.

2. *See* S.Rep.No.813, 89th Cong., 1st Sess. 9 (1965); Sterling Drug, Inc. v. FTC, 146 U.S.App.D.C. 237, 450 F.2d 698, 709 (1971).

3. *See* Petkas v. Staats, 163 U.S.App.D.C. 327, 501 F.2d 887 (1974); National Parks & Conserv. Ass'n v. Morton, 162 U.S.App. D.C. 223, 498 F.2d 765 (1974).

of the Act is to prevent meaningful appellate review of District Court *in camera* rulings on the exempt status of disputed documents. 484 F.2d at 1096. In this case, the District Court made its ruling that the material in categories (1.) and (3.) was exempt under Exemption 4 on the basis of an *in camera* inspection without receiving any detailed statement from the Renegotiation Board stating the factual and legal basis for the Board's claim of exemption. That ruling thus is virtually impossible to review and runs afoul of the purpose of the *Vaughn* and *Cuneo* procedures. Therefore, we remand the case for supplementation of the record through compliance by the government with the procedures outlined in *Vaughn* and *Cuneo*.

The specific procedures mandated by *Vaughn* and *Cuneo* contemplated a detailed indexing of the allegedly exempt material. This procedure would apparently not be revelant to any of the documents in category (1.) but would be relevant to the documents in category (3.). But the *Vaughn* and *Cuneo* decisions mandate more than mere indexing of allegedly exempt documents. They contemplate a procedure whereby the agency resisting disclosure must present a "detailed justification", 484 F.2d at 826, for application of the exemption to the specific documents in dispute. Such a "detailed justification" in this case should include (a.) the extent to which data of the sort in dispute is customarily disclosed to the public, with specific factual or evidentiary material to support the conclusion reached; (b.) the extent to which disclosure of this information will impair the government's ability to obtain necessary information of this type in the future, with specific factual or evidentiary material to support the conclusion reached; (c.) the extent to which disclosure of the information will cause substantial harm to the competitive position of the person from whom the information is obtained, with specific factual or evidentiary material to support the conclusion reached; and (d.) the extent to which any harms of the type mentioned in (b.) and (c.) could be reduced or eliminated by non-disclosure of the identity of the person submitting the information in dispute. If it is claimed that the information itself discloses to knowledgeable people the identity of the person who supplied it, some factual basis for that conclusion must be advanced to support the Board's non-disclosure. The appellants should, of course, have an opportunity at a hearing upon the supplementation of the record in this case to dispute any factual or evidentiary assertions made by the government through introduction of oral or written testimony or through factual submissions. Only this "detailed justification" can insure meaningful appellate review of the District Court's determination that certain documentary material is or is not within Exemption 4.

The applicability of Exemption 5 to the documents in category (2.) is not predicated upon factual issues for which there is no record. Therefore, we need not remand the record for compliance with *Vaughn* and *Cuneo*.[4] However, there is one additional factual issue not briefed by the parties which seems necessary to full consideration of whether the documents in category (2.) are exempt under Exemption 5. That issue concerns whether the recommendation of the Office of Screening and Exemption contained in Form RB–11 is the sole basis for the decision to issue a Notice of Clearance Without Assignment. *Compare* American Mail Line, Ltd. v. Gulick, 133 U.S.App.D.C. 382, 411 F.2d 696 (1969) *with* Washington Research Projetc, Inc. v. Department of HEW, 164 U.S.App.D.C. 169, at 179, 504 F.2d 238, at 248 (1974). *See also* Grumman Aircraft Engineering Corp. v. Renegotiation Board, 157 U.S.App.D.C. 121, 482 F.2d

---

4. *See* Montrose Chem. Corp. v. Train, 160 U.S.App.D.C. 270, 491 F.2d 63 (1974).

710, 719–721 (1973), cert. granted, 417 U.S. 907, 94 S.Ct. 2602, 41 L.Ed.2d 211 (1974). Since the record is to be remanded for supplementation on the issues concerning Exemption 4, we think that the record should also be supplemented as to whether the previously described recommendation is the sole basis for decision. If the Renegotiation Board argues that it is not the sole basis for the decision to issue a Notice of Clearance Without Assignment, it should bring forward other materials which form the basis for the decision to issue the Notice. We do not mean to intimate that a finding that the RB–11 is the sole basis for decision requires disclosure *pro tanto* but only that a contrary finding greatly strengthens the Board's case for non-disclosure.

The Renegotiation Board in response to a request of the Court during oral argument has submitted a letter dated September 17, 1974 in which it states that it will not delay completion of the renegotiation proceedings involving appellant until completion of this remand of the record and appellate review.[5] In light of this statement, we suggest to the District Court that the supplementation of the record be completed as expeditiously as possible to prevent the loss of any rights appellant may have before the Renegotiation Board predicated upon information contained in the documents subject to this litigation.

In consideration of the foregoing discussion, it is ordered that the record be remanded to the District Court for supplementation on the issues described in this memorandum.

So ordered.

5. The Board's refusal was predicated upon the Supreme Court's recent decision that actions of the Renegotiation Board may not be enjoined pending resolution of Freedom of Information Act suits. Renegotiation Board v. Bannercraft Clothing Co., 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974).