ASH GROVE CEMENT COMPANY,
Appellant,

v.

FEDERAL TRADE COMMISSION
et al.

ASH GROVE CEMENT COMPANY, a
corporation, Appellant,

v.

FEDERAL TRADE COMMISSION
et al.

Nos. 73–2212, 74–1144.

United States Court of Appeals,
District of Columbia Circuit.

Argued 21 Nov. 1974.

Decided 16 April 1975.

Rehearing and Rehearing En Banc
Denied June 23, 1975.

Robert L. Williams, Washington, D. C., with whom David J. McKean, Washington, D. C., was on the brief for appellant.

Leonard Schaitman, Atty., Dept. of Justice, with whom Carla A. Hills, Asst. Atty. Gen., Earl J. Silbert, U. S. Atty., and Donald Etra, Atty., Dept. of Justice, were on the brief for appellees.

Karl H. Buschmann, Washington, D. C., also entered an appearance for the F. T. C.

Before DANAHER, Senior Circuit Judge, WILKEY, Circuit Judge, and JUSTICE,[*] United States District Court Judge for the Eastern District of Texas.

Opinion for the Court filed by Circuit Judge WILKEY.

WILKEY, Circuit Judge:

This is an action arising under the Freedom of Information Act (FOIA)[1] as an outgrowth of an investigation by the Federal Trade Commission of Ash Grove Cement Company, plaintiff-appellant here, and others. Rather than remain on the defensive in the FTC proceeding, Ash Grove took the offensive by filing an action in the District Court for the discovery of certain documents in the possession of the agency, which Ash Grove asserted were necessary to substantiate its defense that the Commission has prejudged all of the allegations in the agency complaint now before the Commission for adjudication. Of the four categories of documents involved, the District Court inspected two *in camera*, declined to inspect two categories, and ultimately determined that plaintiff was entitled to access to none of the documents. Finding that the District Court based its classification of some of the documents on inadequate information and that it should have made further inspection, we remand to the District Court for action in accordance with this opinion.

■ The two categories which the District Judge did inspect were those the FTC designated as "investigatory files" and those Commission minutes designated as "staff directives," the so-called "blue minutes." After inspection *in camera* the District Judge concluded that these documents had been properly classified by the agency and that under Exemptions 7 and 5 of the FOIA[2] they were protected from disclosure. We agree.[3]

The District Judge likewise determined, but without *in camera* inspection, that the third and fourth categories of documents were exempt from disclosure. Regarding these we have difficulty.

■ Documents of the third category were defined by the FTC as "internal memoranda," asserted to fall under Exemption 5 of the FOIA.[4] After the usual interchange of demands and a partial agreement between counsel, the agency released some documents to Ash Grove for inspection, but balked at releasing

---

[*] Sitting by designation pursuant to Title 28, U.S.Code, Section 292(d).

1. 5 U.S.C. § 552 (1970).

2. 5 U.S.C. §§ 552(b)(5) and (7):

   (b) This section does not apply to matters that are—

   .    .    .    .    .

   (5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

   .    .    .    .    .

   (7) investigatory files compiled for law enforcement purposes except to the extent available by law to a party other than an agency;   .   .   .

3. The four investigatory files and the seventeen directive-type minutes submitted for *in camera* inspection by the agency were found to be exempt from disclosure under Exemptions 7 and 5, respectively, by order of the District Court on 22 December 1973. This action is made the subject of the appeal in No. 74–1144, which is affirmed. The appeal from the opinion and order of 24 October 1973 is No. 73–2212, which is the subject of our remand for reconsideration in accordance with this opinion.

4. 5 U.S.C. § 552(b)(5).

forty-two to which plaintiff's demand had been narrowed. These were listed and described in an affidavit by an attorney in the Commission's Office of General Counsel as "internal memoranda." Ash Grove asserts that the description of each document given by the FTC affidavit is so conclusory as to be of little aid to the trial court and, therefore, legally insufficient under Vaughn v. Rosen [5] and others of our FOIA decisions. The District Judge found, on the other hand, that "[t]hese descriptions are more than mere conclusions."

Our review of the descriptions of the forty-two documents indicates that Ash Grove may well be right; we could not be satisfied by these general descriptions that each of the forty-two documents is properly defined as "internal memoranda," and that each falls within Exemption 5. The District Judge could not have reached any more definite and secure conclusion than we are able to on appeal, since he did not inspect *in camera* any of the forty-two documents. Had he verified the accuracy of at least a few of the agency's descriptions, his acceptance at face value of the accuracy of the rest would have stood on more solid ground. In the absence of more specific document analysis by the agency, we think such a procedure was necessary to meet the requirement of Vaughn v. Rosen that judicial determinations under the FOIA be based upon a detailed record. Therefore, on remand we direct that the District Judge inspect at least a random sample of these forty-two documents sufficient to provide an objectively verifiable basis for deciding whether the agency descriptions are indeed conclusory or instead reasonably accurate and specific.

The fourth category of documents is described as the Commission's "chronological minutes," and is asserted by the Commission likewise to fall under Exemption 5 of the FOIA. In an affidavit, the Secretary of the Commission described these chronological minutes as

> . . . accounts of the Commission's executive meetings and conferences . . . the deliberations of the Commission such as exchange of opinions between individual Commissioners, their recommendations, motions, discussions and statements. They also contain staff recommendations and involve pending cases, internal reorganization procedures, personnel actions, *policy determinations* and generally reflect the Commission's decision-making process.[6]

This description was relied on by the District Judge in his Second Memorandum Order of 22 February 1973 [7] and Memorandum Opinion of 24 October 1973.[8] Significantly, the District Judge thought that "[p]laintiff . . . apparently accepts the characterization of chronological minutes as set forth above, . . ." [9]

Ash Grove sharply disputes the Commission's characterization of its chronological minutes, points to pleadings in the record in which it has done so, and asserts that it has described these minutes more accurately as

> stenographic and other detailed recordings of transactions, voting decisions, binding opinions, policies, interpretations and other actions of the Commission or of individual Commissioners [relating to the actions taken by the Commission during its 1964–1967 Trade Regulation Rule Proceeding Concerning Vertical Integration in the Cement Industry].[10]

Ash Grove argues that these chronological minutes contain "secret law" and proof positive of its defense in the FTC proceeding that its fate is foreordained and its case has been prejudged by covert decisions of the Commission growing

---

**5.** 157 U.S.App.D.C. 340, 484 F.2d 820 (1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

**6.** Joint Appendix II at 283 (emphasis supplied).

**7.** Joint Appendix I at 45.

**8.** Joint Appendix I at 87.

**9.** *Ibid.*

**10.** Appellant's Br. at 29.

out of a previous trade regulation rulemaking proceeding in 1964–1967. Ash Grove also asserts, and we think correctly, that where the agency Secretary and the trial judge described the chronological minutes as containing "policy determinations," such minutes or portions thereof were subject to disclosure under Sterling Drug, Inc. v. Federal Trade Commission,[11] in which we held that such determinations are *prima facie* disclosable.[12]

■ The agency's one-paragraph description of seventy-seven words of all the agency chronological minutes, not just the minutes demanded by the plaintiffs, is clearly conclusory under the standard of Vaughn v. Rosen,[13] Cuneo v. Schlesinger,[14] and Pacific Architects and Engineers, Inc. v. Renegotiation Board.[15] The affidavit relied upon by the agency and the District Judge does not assert that any of these minutes have ever been examined by any agency employee to determine their exact content; there has been no inspection by the trial court *in camera*; and no sample of the minutes has been examined.

We remand for these reasons: First, we think that "policy determinations" at least, and perhaps other matters included, are subject to public scrutiny. Second, before ruling whether the chronological minutes are protected against disclosure by Exemption 5, the District Judge should examine *in camera* a representative portion of the minutes.[16] Third, the District Judge should require an itemized description to be made of

these minutes as he required for the forty-two staff memoranda.

The case is remanded for action in accordance with this opinion.

So ordered.

11.   146 U.S.App.D.C. 237, 450 F.2d 698 (1971).

12.   [T]he policy of promoting the free flow of ideas within the agency does not apply here, for private transmittals of binding agency opinions and interpretations should not be encouraged. These are not the ideas and theories which go into the making of the law, they are the law itself, and as such should be made available to the public. Thus, to prevent the development of secret law within the Commission, we must require it to disclose orders and interpretations which it actually applies in cases before it.
      *Id.* at 247, 450 F.2d at 708.

13.   157 U.S.App.D.C. 340, 484 F.2d 820, cert. denied, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

14.   157 U.S.App.D.C. 368, 484 F.2d 1086, cert. denied, Rosen v. Vaughn, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

15.   164 U.S.App.D.C. 276, 505 F.2d 383 (1974).

16.   From the record we have derived no concept of what volume of documents is involved.