**MOBIL OIL CORPORATION, Plaintiff,**

**v.**

**FEDERAL TRADE COMMISSION et al., Defendants.**

No. 74–Civ. 311.

United States District Court,
S. D. New York.

Feb. 4, 1977.

Donovan, Leisure, Newton & Irvine, New York City, for plaintiff; Andrew J. Kilcarr, Washington, D.C., Thomas R. Trowbridge, III, New York City, of counsel.

Robert B. Fiske, Jr., U.S. Atty., S.D.N.Y., New York City, for defendants; Gregory J. Potter, Asst. U.S. Atty., Robert J. Lewis, Jr., Gen. Counsel, Gerald P. Norton, Deputy Gen. Counsel, Gerald Harwood, Asst. Gen. Counsel, Mary L. Azcuenaga, Jack Schwartz, Estelle D.F. Kumar, Washington, D.C., of counsel.

## MEMORANDUM

LASKER, District Judge.

In an earlier opinion, *Mobil Oil Corp. v. Federal Trade Commission*, 406 F.Supp. 305 (S.D.N.Y.1976) decision on certain aspects of the FTC's motion for summary judgment was deferred "pending submission by defendants of affidavits consistent with the requirements of" *Vaughn v. Rosen*, 157 U.S. App.D.C. 340, 484 F.2d 820 (1973); *Cuneo v. Schlesinger*, 157 U.S.App.D.C. 368, 484 F.2d 1086 (1973) and *Pacific Architects & Eng.*

*Inc. v. Renegotiation Board,* 164 U.S.App. D.C. 276, 505 F.2d 383 (1974), to support the defendants' claim that one or more statutory exemptions in the Freedom of Information Act, 5 U.S.C. § 552(b), justified their refusal to disclose certain documents or portions thereof to plaintiff. Since that decision, defendants have released to the plaintiffs approximately 50% of the documents previously withheld, and have submitted to the court a Revised Index, cross-referenced to a legal memorandum, identifying documents which they continue to claim are exempt from disclosure. *In camera* copies of all withheld material have also been submitted.

I

Plaintiff no longer presses its claim to the identifying information withheld from the documents classified, in the Revised Index, as Item I. The government's motion for summary judgment on this point is therefore granted.

II.

The documents in Category II are described by the government as:

> Various communications between the Commission and other federal or state law enforcement agencies on the subjects described in the complaint in this case that have been released except for the names of complaining parties and identifying details . . .. The names and identifying details have been bracketed to indicate those portions of the document that the Commission determined should be deleted in order to protect the identity of a confidential source. These names and details are exempt from disclosure under Exemption 7(D).

Exemption 7(D) applies to "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would . . . disclose the identity of a confidential source . . . ." 5 U.S.C. § 552(b)(7)(D). As indicated in our earlier opinion at 406 F.Supp. at 314, to qualify for this exemption the government has the burden of showing that the "source" whose identity it seeks to withhold gave information on an express or implied promise of confidentiality. "Absent any supporting affidavits," it was found that the government could not sustain its burden under this exemption. *Id.* Nonetheless, the FTC has failed to submit any affidavit to support its position with respect to the over 200 pages of documentary material contained in Item II. Moreover, the government has lumped all this material together without numbering the pages of the *in camera* exhibit, and without providing an individual index to the type of communications encompassed. In short, the FTC continues to place the burden on the court of sorting through a gross amount of undifferentiated material to determine whether or not the claimed exemption applies, in a manner which has been repeatedly criticized by this and other courts. 406 F.Supp. at 312–13.

■ The majority of the material contained in Item II is patently not entitled to be withheld. Plaintiff is entitled to the following material: (1) names and identifying details of persons who filed formal complaints with governmental agencies and who indicated on the forms provided that they had no objection to the company whose behavior was complained of being notified of their complaint; (2) names and identifying details of persons who wrote letters of complaint which indicated that copies had been sent to members of Congress and/or to the very company of whose conduct complaint was made; (3) names and identifying details of retail purchasers of gasoline who made complaints to the FTC or other governmental agencies. People who specifically indicated that their complaints could be passed on to the oil companies have not relied on implied promises of confidentiality, and it "strains credulity" that members of the gasoline-buying public writing unsolicited letters of complaint to regulatory agencies could reasonably infer that the information provided would be kept confidential.

■ The remaining types of communications in Item II are from or about retail

gasoline dealers or their organized representatives, complaining of actions by their suppliers.[1] As to some of the communications, an implied promise of confidentiality can be inferred from the face of the document, notably, documents in pp. 1–31 of the material submitted *in camera* by the Commission, and a letter of July 26, 1970 to Robert Dixon, found in the middle of *in camera* Exhibit II. These materials indicate a desire for anonymity on the part of the retailers arising out of their fear of harassment or retaliation and law enforcement efforts would be hampered if such persons were unable to complain to the regulatory agencies in private without fear that the agency might disclose their identity to their harm.

With respect to other communications between or about retail dealers, the Commission must submit affidavits to substantiate its claimed exemption.

In sum, the material described above as items (1), (2) and (3) must be disclosed to the plaintiff; the two specific items referred to above as being entitled to exemption need not be disclosed; the remaining material must be disclosed to plaintiff unless within thirty days the FTC files a responsive affidavit from a responsible person in the agency stating with specificity the basis for its belief that disclosure of identifying details is not required by virtue of exemption 7(D).

### III.

■ Item III consists of a listing of companies to which an investigative questionnaire was sent, and exemption is claimed under § 552(b)(7)(A). Although the questionnaires themselves have been turned over to plaintiff, the government, according to an affidavit filed by Rhett Krull, an attorney with the FTC, seeks to withhold the list of companies because:

> Disclosure . . . would interfere with active law enforcement proceedings *In the Matter of Exxon Corp. et al.* as particularized below.

Exposing the identities of third parties who may have cooperated with the Commission staff during its precomplaint investigation of the petroleum industry at this time will discourage further cooperation by such third parties and hinder the Commission staff's third party discovery efforts *In the Matter of Exxon Corp., et al.*

Disclosure of the identity of third parties selected by the Commission staff as sources of confidential material will reveal material prepared for litigation and prosecution strategy and thereby interfere with prosecution of the Commission's case *In the Matter of Exxon Corp. et al.*

Previous discovery efforts by Mobil Oil Corporation and other respondents *In the Matter of Exxon Corp. et al.* to obtain, *inter alia*, the identity of these third parties, has been denied by the trial judge as premature. Disclosure of this same information at this time pursuant to Mobil's request under the Freedom of Information Act would circumvent and interfere with the trial judge's ability to direct orderly discovery *In the Matter of Exxon Corp. et al.* and would thereby interfere with that active law enforcement proceeding.

It is not contested that the questionnaires were sent out in connection with the pending investigation and enforcement proceedings referred to in Krull's affidavit, to which Mobil Oil is a defendant. Nor is it contested that plaintiff sought discovery of this list before the judge supervising the enforcement proceeding in Washington, and that the request for discovery was denied as premature. Nor is there any question that the list is a record in an investigatory file.

Exemption 7(A) exempts from disclosure "investigative records compiled for law enforcement purposes but only to the extent that the production of such records would . . . interfere with law enforcement proceedings." 5 U.S.C.A. § 552(b)(7)(A) (1975 Supp.). The basic purpose of this

---

1. The FTC gives no explanation for its failure to assert Exemption 3 as a basis for nondisclosure of this information. See 406 F.Supp. at 311.

exemption is "to prevent harm to the government's case in court by not allowing an opposing litigant earlier or greater access to investigative files than he would otherwise have." Remarks of Senator Hart, author of the 1974 Amendments to the FOIA, 120 Cong.Rec. S9329 (May 30, 1974). Prior to the 1974 amendments, exemption (7) read simply as follows:

"investigatory files compiled for law enforcement purposes except to the extent available by law to a party other than an agency"

and had been construed to permit nondisclosure of any material in an investigatory file, even if the investigation or subsequent enforcement proceedings had long since concluded and the file was "closed." See, e.g., *Frankel v. SEC*, 460 F.2d 813 (2d Cir.), *cert. denied*, 409 U.S. 889, 93 S.Ct. 125, 34 L.Ed.2d 146 (1972); *Weisberg v. Department of Justice*, 160 U.S.App.D.C. 71, 489 F.2d 1195 (1973). Four months after our previous decision in the instant case, the Court of Appeals found that the primary aim of the 1974 amendments was to overrule decisions such as *Frankel v. SEC, supra. Title Guarantee Co. v. NLRB*, 534 F.2d 484, 490 (2d Cir. 1976). At the same time it suggested, but did not decide whether, "exemption under 7(A) requires nondisclosure [of material in investigatory files] in any pending enforcement proceeding." *Id.* Finding that disclosure of statements obtained by NLRB investigators from employees for use in connection with a pending unfair labor practice proceeding would in fact interfere with enforcement proceedings, the court of appeals reversed a district court ruling that such statements must be disclosed under the FOIA.

In light of the court's discussion in *Title Guarantee*, Krull's affidavit, while admittedly conclusory in nature, sufficiently establishes the likelihood of prejudice to the government's enforcement case against which Exemption 7(A) was designed to protect. Moreover, the fact that discovery of this document was earlier denied in the actual enforcement proceeding on grounds of prematurity lends force to the claim that disclosure at this time would in fact interfere with the orderly prosecution of the case.

Accordingly, the government's motion for summary judgment is granted to the extent that we hold it is entitled under 5 U.S.C. § 552(b)(7)(A) to withhold Item III of the Revised Index.

### IV.

■ Item IV consists of
Approximately sixty interview reports with service station dealers and one interview report with a service station dealers association official.

All of the interviews were conducted by staff attorneys of the FTC, and the reports were written by the attorneys to their files. The government contends this material falls within Exemption 5 which applies to "inter-agency or intra-agency memorandum or letters which would not be available by law to a party other than an agency in litigation with the agency."

It argues that the interview reports "are at the core of the work-product privilege, as enunciated in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) . . . Because they come within the work-product privilege they are fully exempt from disclosure under 5 U.S.C. § 552(b)(5)." In *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 154, 95 S.Ct. 1504, 1518, 44 L.Ed.2d 29 (1975), the Supreme Court wrote that "It is . . . clear that Congress had the attorney's work-product privilege specifically in mind when it adopted Exemption 5," and quoted from the Senate Report which states that Exemption 5 " 'would include the working papers of the agency attorney and documents which would come within the attorney-client privilege if applied to private parties.' " There, Exemption 5 was found to apply to pre-decisional legal memoranda prepared by NLRB staff attorneys. In *United States v. J. B. Williams Co., Inc.*, 402 F.Supp. 796, 800–01 (S.D.N.Y.1975), a civil penalty action by the FTC, Judge Pierce found Exemption 5 applicable to the defendant's request for interview reports prepared by government attorneys on inter-

views of the same defendants. The interview reports in the instant case are, as stated in the government's memorandum, "not verbatim transcripts, but rather are the attorneys' selective account of the gist of the interview. They reflect the mental impressions of the attorneys through emphasis, condensation and ordering of salient facts." Plaintiff's suggestion that factual matter contained in the interview reports be segregated and disclosed is not practicable, since the very selection and presentation of salient facts in such notes reflect the attorney's work.

Plaintiff is correct that in order to qualify for the protection of the work-product rule, it must be shown that the interviews were conducted, and the reports prepared, with an eye to litigation. Although some of the interview reports on their face make clear that they were conducted for that purpose, this is not true of all. Were the government to submit an affidavit clearly establishing the purpose of all the interviews as being litigation oriented, it would be entitled to protection from disclosure under Exemption 5. The government is granted thirty days within which to submit such affidavit.

## V.

■ The items in Category V are accurately described, in the revised index, as "Communications between the Commission and other federal agencies requesting information [which] contain discussions that detail why the information was sought or to what use it would be put." Discussions and comments of this character are at the heart of the predecisional, agency deliberative process which Exemption 5 was designed to protect, and summary judgment for the government is proper as to the bracketed portion of these documents.

## VI.

The documents in Category VI have been divided by the FTC in its Revised Index into three subcategories. Category A consists of documents which had specifically been exempted from disclosure in the previous opinion. The documents have been reviewed and are correctly withheld by the government.

The documents in Category B, which are claimed to be exempt under § 552(b)(5), are 11 intra-agency memoranda of telephone conversations with various state officials which, the government claims, contain no purely factual portions severable without compromising the protected remainder of the document. Disclosure, it is argued, will impair the quality of agency deliberation. This is the sum and substance of the government's comments on this material. The plaintiff properly argues that the government "submits no affidavit proof to substantiate this conclusion and makes no effort, even in its unsworn response, to explain how or why such injury [to the agency deliberative process] might result." Plaintiff has not and cannot comment further, since the government has given it no specific justification or facts to which it can respond. This is precisely the situation which the requirements of *Cuneo, Vaughn* and *Pacific Engineers* were designed to avoid, and which the earlier decision in this case sought to avoid.

The documents in Category VIB have been reviewed *in camera,* with awareness of the government's heavy burden in seeking to withhold information requested under the Freedom of Information Act. Only the following four items on their face appear to contain deliberative material: the Memorandum of October 12 from Steven Stoker re Conversation with Bob Wilson; the Memorandum of October 13 from Steven Stoker re Conversation with the Montana's Attorney General Office; an undated memorandum of Steven Stoker re Mississippi Oil and Gas Board; and the June 4th, memorandum of Steven Stoker re Conversation with the Texas Railroad Commission. Even those items may contain segregable factual information.

■ In the face of the FTC's failure to submit affidavits or any detailed material explaining why it claims exemption for the remaining material, we refrain from grant-

ing immediate summary judgment to the plaintiff only because we are mindful of the Supreme Court's directive in *NLRB v. Sears, Roebuck & Co., supra,* 421 U.S. at 151 n. 18, 95 S.Ct. at 1517:

> Our emphasis on the need to protect pre-*decisional* documents does not mean that the existence of the privilege turns on the ability of any agency to identify a specific decision in connection with which a memorandum is prepared. Agencies are, and properly should be, engaged in a continuing process of examining their policies; this process will generate memoranda containing recommendations which do not ripen into agency decisions; and the lower courts should be wary of interfering with this process.

But the government must submit affidavits specifying why these memoranda should be withheld under Exemption 5 in such a way as to afford plaintiff sufficient notice of the basis for the claimed objective. If within thirty days it again fails to do so, an order will be entered on submission by the plaintiff directing the FTC to disclose all the memoranda not referred to above in VIB. As to the four memoranda listed above, the FTC should within thirty days submit proposals for "redacting" the documents or comment on why the factual material cannot be segregated.

■ Similarly, the government offers neither affidavits nor unsworn explanation of why the 31 communications between the Commission and other federal agencies contained in Category VIC should be withheld under Exemption 5. Of the 31 documents reviewed, summary judgment for the government is granted as to the following documents which contain strategy discussions, discussions of possible policy and of ways of proceeding against possible violators, and other matters which we find to be exempt from disclosure under § 552(b)(5): Memoranda of October 24, 1972 to Robert Roberts from Steven Stoker; All of the Memoranda listed on Page 7 of the Revised Index; the Memoranda of June 29, 1973 to Lewis Engman from John Nassikas; Memoranda of July 30, 1973 to John Nassikas from Lewis Engman; the Memoranda of August 8, 1973 to Lewis Engman from John Quarles; Memoranda of December 21, 1970 from Earl Steinhouse to Robert Hummen; Memoranda of December 21, 1970 from Robert Dixon et al. to Carl Steinhouse; Memoranda of August 17, 1970 to Baddia Rashid from Carl Steinhouse; Memoranda of July 30, 1970 to Dwight Morse from Robert Dixon et al.; the recommendation section of the Memoranda of August 14, 1970 from Robert Dixon to Carl Steinhouse; and the last two memoranda listed on Page 9 of the Revised Index.

Unless within thirty days the government submits sworn affidavits and any other necessary material setting forth in detail the bases for its claim that Exemption 5 justifies it in withholding the remainder of the material set forth in the Index under VIC, plaintiff will be entitled, on submission, to entry of an order directing the government to disclose the remaining items.

Motions disposed of in accordance with this opinion.

It is so ordered.