**HEUBLEIN, INC., a corporation, Plaintiff,**

v.

**FEDERAL TRADE COMMISSION et al., Defendants.**

Civ. A. No. 77–2026.

United States District Court, District of Columbia.

June 27, 1978.

J. Wallace Adair, Ralph J. Savarese, John P. Wintrol, Raymond A. Jacobsen, Jr., Howrey & Simon, Washington, D. C., for plaintiff; George J. Caspar, Gen. Counsel, Heublein Corp., Farmington, Conn., of counsel.

Daniel J. Metcalf, Kay E. Kiner, F. T. C., Washington, D. C., John Oliver Birch, Asst. U. S. Atty., Civil Division, Washington, D. C., for defendants.

## ORDER

FLANNERY, District Judge.

This matter comes before the court on cross-motions for summary judgment. The essential facts are not in dispute. It appears that plaintiff in the late 1960's attempted to effect a merger with United Vintners. This merger attracted the attention of the F.T.C. due to the possible adverse effects on competition in the wine and distilling industry. The F.T.C. conducted preliminary and formal investigations into this matter. These investigations culminated in the filing of an administrative complaint against plaintiff in 1972. After a period during which the parties attempted to settle the antitrust case, the F.T.C. issued an amended complaint on November 16, 1976. Discovery was completed in the administrative matter on March 28, 1977, and the administrative trial began in San Francisco on December 13, 1977. Although the F.T.C. possesses an extensive discovery procedure, plaintiff never requested the documents at issue during discovery. Rather, on July 29, 1977, plaintiff filed an F.O.I.A. request for all documents held by defendants in the *National Distillers and Chemical Corp.* file, an enforcement file closed on October 25, 1972. Also, on August 5, 1977, plaintiff requested all information in the open enforcement file against plaintiff and in the closed National Distillers file which had been prepared by Edna Knopp, the Commission economist. During the processing of these requests, and the subsequent administrative appeals, a majority of the documents responsive to the requests were released. *See* Index to Documents, p. 2 (70–75% of the documents found to be responsive were released.) It appears that a large number of the documents in the National Distillers file had been destroyed in the six years since that file was closed. *See* Affidavits of John D. Macoll (Defendant's Exhibit D) and Robert J. Gac (Defendant's Exhibit E). It does not appear that plaintiff doubts the thoroughness of defendant's documents search, but merely contests the validity of the grounds offered in support of the withholding of certain documents.

Defendants have indicated that the only documents found to be responsive to plaintiff's request were in the open Heublein file. Defendants have submitted an extensive indexing and justification statement for those documents withheld in whole or in

part. The various documents have been subdivided into categories according to their content. It should be noted that Document 1 in Category G(2), for which exemption 6 is claimed, and all of the documents in Category J, for which exemption 4 is claimed, are no longer at issue, the plaintiff having conceded the validity of those withholdings. As to the remainder of the documents, defendant claims exemption 5 (intra-agency memoranda), exemption 7(A) (investigatory files), or both.

## I. *Exemption 7(A).*

5 U.S.C. § 552(b)(7) provides in pertinent part that the mandatory disclosure provisions of the Freedom of Information Act do not apply to:

> investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings . . . .

In the present case, the file on Heublein, from which all of the responsive documents still in issue were taken, is currently open and the subject of an ongoing administrative trial in which the F.T.C. seeks enforcement of federal antitrust laws. It is clear that until March of 1977, plaintiff had the right to engage in discovery in anticipation of this administrative hearing under the supervision of the administrative law judge. It is also clear that plaintiff did not avail itself of this opportunity to get the documents now at issue. Defendants contend that because the documents at issue were in this open file, these documents, if disclosed, would severely inhibit the F.T.C.'s enforcement litigation. It appears that the key to the F.T.C.'s case in the enforcement action rests on an analysis of a market definition developed by Edna Knopp, the Commission economist. Most of the documents at issue reflect either information she collected or considerations she made in developing this market model. Also, some of the documents, specifically those developed in relation to the National Distillers case but located in the Heublein file, are said to so mirror the F.T.C.'s tactics in the present enforcement action that releasing them would be extremely prejudicial. Plaintiff argues that some of these documents were not generated specifically by the investigation, and, therefore, do not fall under exemption 7(A). Plaintiff also alleges that defendant's descriptions of these documents are self-serving and deceiving and that, therefore, this court should engage in an *in camera* inspection of the more than 900 pages of documents still remaining.

■ As for the request for *in camera* inspection, the Circuit Court in *Weissman v. C. I. A.,* 184 U.S.App.D.C. 117, 565 F.2d 692 (1977) has stated that it would be a "staggering burden" to require a court to engage in an *in camera* inspection of documents in every case. *Id.* 184 U.S.App.D.C. at 122, at 697 n. 11. Rather,

> It is only where the record is vague or the agency claims too sweeping or suggestive of bad faith that a District Court should conduct an *in camera* examination to look for segregable non-exempt matter.

*Id.* 184 U.S.App.D.C. at 123, 565 F.2d at 698. At oral argument, counsel for plaintiff raised questions as to the thoroughness of the F.T.C.'s efforts to disclose all reasonably segregable factual material. Despite the fact that the F.T.C. had already released a large amount of non-exempt factual material in this case, the court on May 8, 1978, ordered the F.T.C. to submit a small but representative number of designated documents for *in camera* inspection. In this way, the court was able to "spot check" the reliability of the F.T.C.'s document index and the F.T.C.'s efforts to segregate factual material. *See Ash Grove Cement v. F. T. C.,* 167 U.S.App.D.C. 249, 511 F.2d 815 (1975). In this way, the court has avoided the burden of a full *in camera* review.

■ Upon examination of the documents requested, the court is satisfied that the F.T.C. has been diligent in its efforts to honestly describe the contents of the documents at issue. The documents matched closely the descriptions ascribed to them in the index. Further, the court found no reasonably segregable factual material to be disclosed. Although any economic anal-

ysis must, of course, rely on facts, the facts contained in the documents examined were stated in such a way as to be inextricably intertwined with the analysis which the F.T.C. claims is exempt. Since the examination of this sampling of documents has failed to unearth any of the abuses alleged by plaintiff, this court will proceed to consideration of the merits of these motions without the further need for *in camera* review.

 As for the merits of defendants' exemption 7(A) claim, it is clear that where there is an ongoing administrative enforcement proceeding during which plaintiff had been provided with an opportunity to engage in discovery, plaintiff may not then use the FOIA to augment the material produced by discovery. *ITT Continental Baking Co. v. F. T. C.,* 1976–2 Trade Cases [C.C.H.] ¶ 60968 (D.D.C.1976); *Gifford-Hill & Co., Inc. v. F. T. C.,* 1975–2 Trade Cases [C.C.H.] ¶ 60674 (D.D.C.1976). In such a case, the government must demonstrate that the proposed disclosure will interfere with an actual or concretely proposed enforcement proceeding. *Gifford-Hill, supra,* at 67,945. Indeed, in *Gifford-Hill,* this court stated:

> To grant the plaintiff earlier access [to the information at issue] under FOIA would undermine the Commission's obviously fair discovery process, and to allow a private litigant, who is the object of a complaint before the Commission, to gain adversary advantage by means of this action simply would not fulfill the interests of informing the public contemplated by the Act.

*Id.* It is clear, therefore, that the information contained in the open file which would interfere with the prosecution of the administrative enforcement proceeding was properly exempted from disclosure. As such, the following documents were properly exempted: Category A(I) 1, 2, 4; Category A(II) 2–24; Category B 1–4; Category C 1–12; Category D 1–9; Category E 1–3; and Category F 1–3.

It should be noted that the F.T.C. claims exemption 5 for all of the documents listed above. Also, the F.T.C. claims exemption 7(A) for documents A(I) 3, A(II) 1, G(1) 1–3, G(2) 2–4, and Categories H and I. However, these documents do not relate to the Heublein investigation except in that they reveal the theories the F.T.C. proposes to use in Heublein. It is arguable whether these documents fall within the 7(A) exemption since they are not related to an open investigation. However, the court need not reach this question since, as will be shown below, all of these documents are exempted by Exemption 5.

### II. *Exemption 5.*

 Plaintiff also claims that since these documents are intraagency memoranda, they are exempt from disclosure under Exemption 5. The Supreme Court in *N. L. R. B. v. Sears, Roebuck & Co.,* 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975) indicated that Congress intended that Exemption 5 should shield governmental decisionmaking from the type of intrusive inspection which would prevent the deliberative process from operating effectively. *Id.* 95 S.Ct. at 1516–17. At the same time, exemption 5 could not be used to hide final agency action from public view since this would result in the promulgation of "secret law." *Id.* 95 S.Ct. at 1518. Although it is true that the mere fact that a document contains a recommendation is not grounds for withholding the entire document, *Bodner v. F. T. C.,* 1975–1 Trade Cases [C.C.H.] ¶ 60,118 at p. 56,269, *see EPA v. Mink,* 410 U.S. 73, 93 S.Ct. 827, 836, 35 L.Ed.2d 119 (1973), in this case, substantial factual information has already been released. Indeed, plaintiff knows the precise circumstances in which these recommendations were being made. All that plaintiff does not know is the particular theory advanced or argument made. Under such circumstances, and in reliance on the detailed *Vaughn* statement submitted by the F.T.C., the court is of the opinion that exemption 5 has been properly invoked. Documents A(I) 3, A(II) 1, and all of the documents in Category H are F.T.C. "Blue Minutes" which were specifically exempted under exemption 5 in *Ash Grove*

*Cement Co. v. F. T. C.,* 167 U.S.App.D.C. 249, 511 F.2d 815, 816 (1975). The documents in Category I are referral slips in which certain matters are assigned to different parts of the agency for preliminary review. Documents of this type were held to be exempt from disclosure in *Grolier v. F. T. C.,* No. 76–1559, at 6 (D.D.C., March 22, 1978). In addition, all of the documents previously held to be exempt under exemption 7(A) are also exempt under exemption 5.

For these reasons, and upon review of the cross-motions for summary judgment, the memoranda submitted in support thereof and in opposition thereto, oral argument thereon, the documents submitted to the court for *in camera* inspection, and the entire record now before the court, it is, by this court, this 27th day of June, 1978,

ORDERED, ADJUDGED and DECREED that plaintiff's motion for summary judgment be, and the same hereby is, denied; and it is further

ORDERED, ADJUDGED and DECREED that defendants' motion for summary judgment be, and the same hereby is, granted; and it is further

ORDERED, ADJUDGED and DECREED that judgment be, and the same hereby is, entered in favor of defendants.