**Jane S. FONDA, Plaintiff,**

v.

**CENTRAL INTELLIGENCE AGENCY et al., Defendants.**

**Civ. A. No. 76–0285.**

United States District Court, District of Columbia, Civil Division.

July 8, 1977.

Ira M. Lowe, Martin S. Echter, Washington, D. C., for plaintiff.

Paul Figley, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

This is a Freedom of Information Act (FOIA) suit. It is here on defendants' motion for summary judgment, plaintiff's cross motion for partial summary judgment, and plaintiff's motion for *in camera* review and for an order permitting participation of counsel in that review.

Defendants identified 252 documents as responsive to plaintiff's FOIA request. Six were released to plaintiff in their entirety. Of the remaining 246 documents, 173 were withheld in part and 73 were withheld in their entirety. Plaintiff here challenges defendants' continued refusal to release these 246 documents [1] *in their entirety.*

### I. The Responsiveness of Defendants' Search.

By letter of March 21, 1975, plaintiff requested

All files, records, memoranda or other data or material filed under my name or obtainable by the CIA by searching through files and materials for documents which contain my name.

Letter from Jane Fonda to Robert S. Young, Mar. 21, 1975, filed herein as Attachment A to Affidavit of Gene Wilson, June 21, 1976. An affidavit filed herein indicates that "documents in which [plain-tiff's] name is mentioned were identified as responsive" to this request. Affidavit of Charles A. Briggs consisting of 39 pages, June 21, 1976, at 9, para. 18 (hereinafter referred to as Briggs I Affidavit). A search was made for every document in defendants' records containing plaintiff's name. The 252 documents referred to above were located.

Plaintiff argues that this search was not responsive to her FOIA request. She seeks an order requiring defendants to "complete their search . . . in a manner consistent with the letter and spirit of [her] request." Plaintiff's Memorandum at 18. Plaintiff wants defendants to search for all documents which are filed under her name but do not mention her name or "concern her" but do not mention her name.

■ The difficulties in such an open-ended search are apparent. Plaintiff offers no criterion by which defendants can determine which documents "concern her." Moreover, the FOIA does not require defendants to comply with such a request. It only mandates that federal agencies make records available upon a request that "reasonably describes" such records. 5 U.S.C. § 552(a)(3)(A). We hold that plaintiff's request for a further search does not "reasonably describe" the records she seeks. Under the circumstances, defendants' interpretation of plaintiff's original FOIA request was reasonable. They will not be required to make a further search. If plaintiff wishes a further search, she can file another, more specific, FOIA request. *See Irons v. Schuyler,* 151 U.S.App.D.C. 23, 465 F.2d 608, *cert. denied,* 409 U.S. 1076, 93 S.Ct. 682, 34 L.Ed.2d 664 (1972) (interpreting predecessor provision requiring request for "identifiable" records); *Hayden v. CIA,* Civil No. 76–284, at 8 (D.D.C. Oct. 18, 1976) (order partially granting plaintiff's motion for *in camera* review).

---

1. On first glance, the affidavits filed in this case appear to indicate there are 247 documents in controversy, *i. e.,* documents identified as responsive to plaintiff's request which were either denied in their entirety or released with deletions. Further examination, however, reveals that there are only 246. The document numbered 229, which is listed as being in controversy, was released in its entirety to plaintiff and no claims to exemption are now asserted with respect to it.

## II. *The Motions for In Camera Review and for Summary Judgment.*

Defendants have withheld portions of 246 documents from plaintiff. They argue that exemptions 1, 2, 3, 5, 6, and 7(F), 5 U.S.C. § 552(b)(1)–(3), (5)–(6), 7(F), of the FOIA authorize withholding portions of specified documents or, in some cases, entire documents. They have filed detailed, voluminous, and comprehensive affidavits supporting their claims to exemption and have supplied the Court with copies of the 173 documents released to plaintiff.

*Exemption 1.* Defendants claim exemption for portions of 228 documents under exemption 1.[2] This exemption protects from mandatory disclosure matters that are "specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and . . . in fact properly classified pursuant to such Executive order." 5 U.S.C. § 552(b)(1). An affidavit filed in this case describes each of the 228 documents, lists its classification category, and sets forth the authority under which it was classified. Affidavit of Charles A. Briggs consisting of 25 pages, June 21, 1976 (hereinafter referred to as Briggs II Affidavit). It also reveals that, as a result of plaintiff's request, a classification review was conducted to determine whether the classified documents responsive to her request warranted continued classification at their then-current levels. The results of that classification review were reviewed by the affiant, Charles A. Briggs, Chief of the Services Staff of defendants' Directorate of Operations. As a result of that classification review, it was determined that the majority of documents previously classified "secret" warranted continued classification at the "confidential" level, that the majority of documents previously classified "confidential" warranted continued classification

at that level, and that a few documents should be declassified. Briggs II Affidavit at 2.

■ In a national security case where nothing appears to raise the issue of good faith, a district court may determine whether to require *in camera* inspection on the basis of affidavits alone. In order to do so, the court must be satisfied that proper procedures have been followed and that by their sufficient description the contested documents logically fall into the category of the exemption indicated. *Weissman v. CIA*, No. 76–1566, at 10–11 (D.C.Cir. Jan. 6, 1977), *as amended*, (Apr. 4, 1977).[3]

■ The CIA dealt with plaintiff's request in a conscientious manner. It disclosed much material and it came forward with newly discovered documents as located. The Agency submitted detailed affidavits summarizing each document or portion of document withheld and indicated the rationale for each claimed exemption. It filed an indexed description of all material withheld and supported the withholding by explicit affidavits. On the basis of this history and after reviewing the documents released to plaintiff, the Court concludes that nothing appears to raise the issue of good faith. Furthermore, after our review of the entire record, we are satisfied that proper procedures were followed and that the documents withheld logically fall into exemption 1. Accordingly, the Court will not require *in camera* inspection of documents under exemption 1.

[4] Likewise, we are convinced by the affidavits and by our examination of the documents released to plaintiff that the documents and portions of documents withheld on the basis of exemption 1 are properly classified both procedurally and substantively pursuant to Executive Order 11652. There has been no credible challenge to the

---

**2.** Documents 1–4, 6–172, 174–77, 179–224, 226, 231–35, and 247.

**3.** In the instant case, the Court is not required to rule on the question of *in camera* inspection on the basis of affidavits alone, for we have had the benefit of examining the 173 docu-

ments released to plaintiff. In the absence of any clear authority as to the standard that should be used when the Court has the benefit of both affidavits and a sampling of documents, the Court has applied the stricter standard applicable when affidavits alone are submitted.

veracity of the affidavits and nothing appears to raise the issue of good faith. The Court will therefore sustain defendants' assertion of exemption 1. *See Alfred A. Knopf, Inc. v. Colby,* 509 F.2d 1362 (4th Cir.), *cert. denied,* 421 U.S. 992, 95 S.Ct. 1999, 44 L.Ed.2d 482 (1975).

*Exemption 2.* The FOIA exemption for matters "related solely to the internal personnel rules and practices of an agency," 5 U.S.C. § 552(b)(2), is claimed for portions of 74 documents.[4] The matters withheld consist of "filing instructions, filing information and instructions on the handling of classified information . . . [and] FBI file numbers." Briggs I Affidavit at 9, para. 16.

The scope of exemption 2 is not well defined. Its legislative history is ambiguous. *See Department of the Air Force v. Rose,* 425 U.S. 352, 362–70, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976); *Vaughn v. Rosen,* 173 U.S.App.D.C. 187, 523 F.2d 1136, 1141–43 (1975). It is certain, however, that the exemption applies to matters "in which the public could not reasonably be expected to have an interest." *Rose, supra,* 425 U.S. at 369–70, 96 S.Ct. at 1603. Examples of such matters are information on "parking facilities, lunchrooms, sick leave, and the like." *Vaughn, supra,* 173 U.S.App.D.C. 187, 523 F.2d at 1143. The "general thrust" of the exemption is "to relieve agencies of the burden of assembling and maintaining for public inspection matter in which the public could not reasonably be expected to have an interest." *Rose, supra,* 425 U.S. at 369–70, 96 S.Ct. at 1603.

In the context of this case, defendants' assertion of exemption 2 cannot be upheld on the basis of the affidavits alone.

"Congress intended that Exemption 2 be interpreted narrowly and specifically." *Vaughn, supra,* 173 U.S.App.D.C. 187, 523 F.2d at 1142. From the affidavits, it does not appear that the withheld matters fall within the literal words of exemption 2, i. e., it does not appear that the withheld matter relates to *personnel* rules and practices. Filing instructions and information, instructions on handling classified information, and FBI file numbers are not like information on parking facilities, lunchrooms, and sick leave. Even though some withheld matters may be of only internal significance and concern only routine matters, others, such as instructions on handling classified information, may be of genuine and legitimate public concern. Moreover, in the context of this case, the administrative burden of requiring disclosure is minimal. The withheld matter is contained in documents that have already been identified. It would have been easier to release the information than to withhold it. There is no problem of requiring defendants to identify documents containing certain FBI file numbers or certain filing instructions which may not be readily identifiable using their current system of records or may be burdensome to systematize. The policy underlying exemption 2 would not be furthered by sustaining defendants' claims on the basis of the affidavits alone.

*Exemption 3.* Defendants cite exemption 3 as their authority for withholding portions of 241 documents.[5] This provision protects from mandatory disclosure matters that are "specifically exempted from disclosure by statute." 5 U.S.C. § 552(b)(3). Defendants assert that 50 U.S.C. §§ 403(d)(3) and 403g are statutes within the purview of exemption 3.[6] Plaintiff does not challenge this

---

4. Documents 8, 9, 30–31, 33–34, 36, 42–43, 46–48, 50–53, 56, 62, 65–71, 73, 75, 78–80, 82, 92–96, 99–100, 111–13, 119, 123–24, 126, 128–29, 133, 138, 140–42, 144, 147, 149, 159–61, 163–66, 171–72, 178, 182, 185, 193, 195, 197–98, 203, 205, and 207.

5. The only documents not withheld on the basis of exemption 3 are numbers 237, 238, 239, 244, and 246.

6. Exemption 3 was modified effective March 1977, during the pendency of this lawsuit but after defendants' final response to plaintiff's FOIA request. *See* 5 U.S.C.A. § 552(b)(3) & note (Pocket Part Supp.1977). This modification adds a proviso to exemption 3 stating that it only comprehends those statutes that either (A) require matters to be withheld leaving no discretion or (B) establish particular criteria for withholding or refer to particular kinds of mat-

assertion, which is supported by the relevant case law. *See* Plaintiff's Memorandum at 28–33; *Hayden v. CIA*, Civil No. 76–284, at 3 (D.D.C. Oct. 18, 1976) (order partially granting motion for *in camera* review).

Section 403(d)(3) directs the Director of Central Intelligence to protect intelligence sources and methods from unauthorized disclosure. Section 403g implements section 403(d)(3) by exempting the Agency from any law that requires the publication or disclosure of the organization, functions, names, official titles, salaries, or numbers of personnel if such publication or disclosure would lead to the unauthorized disclosure of intelligence sources and methods.

■ With respect to documents withheld under exemption 3, *in camera* inspection is seldom, if ever, necessary or appropriate. *See Administrator, FAA v. Robertson*, 422 U.S. 255, 269–70, 95 S.Ct. 2140, 45 L.Ed.2d 164 (1975) (Stewart, J., concurring); *National Airlines, Inc. v. CAB*, Civil No. 75–613 (D.D.C. Oct. 10, 1975) (Gesell, J.). This is especially true when 50 U.S.C. §§ 403(d)(3) and 403g are asserted in conjunction with exemption 3 because of the national security problems involved. *See Weissman, supra.*[7] In exemption 3 cases, the only issues before the Court are the existence of an exemption 3 confidentiality statute and the inclusion of the withheld matters within the coverage of that statute.

■ On the basis of the record herein, there is no material dispute as to the existence of an exemption 3 confidentiality statute, nor is there any material dispute that the matters withheld under exemption 3 are within the ambit of that statute. With respect to each matter withheld, the affidavits clearly state that it contains informa-

tion on intelligence sources and methods or information on the organization, functions, names, official titles, or numbers of personnel the disclosure of which would lead to the unauthorized disclosure of intelligence sources and methods. There has been no credible challenge to the veracity of these assertions and nothing appears to raise the issue of good faith. The matters withheld are therefore clearly and without dispute within the coverage of 50 U.S.C. §§ 403(d) and 403g. Defendants' motion for summary judgment can therefore be granted without granting *in camera* inspection.

■ *Exemption 5.* Defendants have withheld 26 documents[8] under the FOIA's exemption for "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). This exemption protects from disclosure internal agency documents that would normally be privileged in a civil discovery context. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). In order to successfully invoke exemption 5, the defendants must assert some privilege recognized in the civil discovery context.

It appears the defendants are asserting the attorney work product privilege for these documents. It does not appear that any other privilege is asserted. The affidavits on file indicate the following regarding the documents withheld under the authority of exemption 5:

(1) Documents 241 through 246 were produced by the CIA Office of Security in response to requests from the CIA Office of General Counsel in connection with the latter office's preparation of a defense to a suit by plaintiff entitled *Fonda v. Gray*,

---

ters to be withheld. Since the confidentiality statutes at issue here, 50 U.S.C. §§ 403(d)(3) and 403g, fall within the confines of the new proviso, the modification has no effect on this litigation. *See generally Irons v. Gottschalk*, 548 F.2d 992, 994 n.3 (D.C.Cir.1976).

**7.** Although *Weissman* discussed the propriety of *in camera* inspection in conjunction with exemption 1 claims, its language is broad

enough to suggest that it is applicable to exemption 3 claims when national security is involved. It should be noted, in addition, that *Weissman* also involved assertions of exemption 3 coupled with 50 U.S.C. §§ 403(d)(3) and 403g.

**8.** Documents 209–10, 212–15, 217–26, and 237–46. All documents withheld under the authority of exemption 5 are withheld in their entirety.

Civil No. 73–2442–MML (C.D.Cal.). These documents are reports of discussions among CIA officials, contain remarks regarding the proposed handling of the defense in the *Fonda v. Gray* action, and are predecisional and advisory in nature. Affidavit of Robert W. Gambino, June 21, 1976.

(2) Documents 237 through 240 were prepared in preparation for the defense of *Fonda v. Gray* and pertain directly to the defense of that lawsuit. Documents 237 and 238 were prepared by an attorney in the CIA Office of General Counsel and he considers them his work product. Document 239 was prepared by a former member of the Office of General Counsel; the attorney who prepared documents 237 and 238 considers document 239 to be attorney work product. Document 240 was prepared by a CIA employee outside the Office of General Counsel at the request of the attorney who prepared documents 237 and 238. The attorney has not stated that he considers document 240 to be his work product. In the opinion of that attorney, however, the factual information contained in documents 237 through 240 is "inextricably intertwined" with legal theories for the preparation of the *Fonda v. Gray* defense. Affidavit of George W. Clarke, June 21, 1976.

(3) Documents 209 and 210, 212 through 215, and 217 through 226 contain information that is advisory in nature pertaining to preparation of the defense of *Fonda v. Gray*. Briggs I Affidavit, para. 17, para. 20, at 37–38.

The Supreme Court has observed that, "at best, the discovery rules can only be applied under exemption 5 by way of rough analogies," since the FOIA context is not completely analogous to civil litigation involving private litigants. *EPA v. Mink*, 410 U.S. 73, 86, 93 S.Ct. 827, 835, 35 L.Ed.2d 119 (1973). This observation is evidenced when one attempts to apply the attorney work product privilege outlined in Rule 26(b)(3) of the Federal Rules of Civil Procedure in an FOIA context, a task that would challenge the fabled Procrustes. Rule 26(b)(3) speaks to the situation when one party seeks to discover materials prepared by the other party's attorney for the litigation in which they are engaged. It permits a certain amount of discovery of factual and tangible material upon a showing of special need in the litigation at issue. It never permits discovery of mental impressions, conclusions, opinions, or legal theories of an attorney. Since these rules cannot be dovetailed into the FOIA context, they must be applied in light of the policy underlying exemption 5.

Fortunately, another Judge of this Court has already had occasion to examine the limits of the attorney work product privilege in the light of exemption 5. In *Guckian v. GSA*, Civil No. 75–2156, at 10–11, 38 Ad.L.2d 1061, 1068 (D.D.C.1976), Judge Richey has held that the portion of the attorney work product rule subsumed into exemption 5 is that portion which protects from discovery mental impressions, conclusions, or legal theories of a Government attorney, the deliberations of counsel but not factual and tangible matter.

█ Applying this standard to the 26 documents at issue here, the Court finds it impossible to determine on the basis of the affidavits alone whether exemption 5 is properly asserted. Defendants withheld all documents in their entirety; we have little, if any, idea to what extent segregable factual and tangible matter may be present. We are told that 10 of these documents originated within the CIA, thus qualifying them as "inter-agency or intra-agency" memoranda within the ambit of exemption 5. The affiants do not specify the source of the other 36 documents. The Court cannot, therefore, determine whether they are inter-agency or intra-agency memoranda. Moreover, we know that only four of the documents were prepared by an attorney or at an attorney's request, and that six others were prepared at the request of the Office of General Counsel. For only three of the documents is it specified that an attorney considers the document to be attorney work product. For only four of the documents is it implied that factual matter is not reason-

ably segregable from legal theories. With regard to the majority of the documents, we are merely told in a conclusory fashion that they contain advisory information with respect to the *Fonda v. Gray* lawsuit. We are not told to what extent they contain the mental impressions, conclusions, opinions, or legal theories of defendants' attorneys or representatives in anticipation of litigation or trial which may be segregable. This meager showing, coupled with the Agency's failure to release any segregable portion of any document withheld on the basis of exemption 5, has led the Court to conclude that it must conduct an *in camera* examination of the matters withheld on the basis of exemption 5 alone to determine the propriety of defendants' claims.

■ *Exemption 6.* Defendants have asserted exemption 6 as authority for withholding portions of 138 documents.[9] This exemption protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). It refers to "intimate details" of a "highly personalized nature" relating to specific individuals, *Getman v. NLRB*, 146 U.S.App.D.C. 209, 450 F.2d 670, 675, *stay denied*, 404 U.S. 1204, 92 S.Ct. 7, 30 L.Ed.2d 8 (1971), and only protects such information from *clearly unwarranted* invasions of personal privacy. The phrase "clearly unwarranted" compels a balancing test between the individual's right of privacy and the public's right to Government information. *Id.*, at 216 n.24, 450 F.2d at 677 n.24.

■ The record in this case reveals that exemption 6 was claimed as authority to withhold "information concerning other individuals." Briggs I Affidavit, para. 18. There is no indication that this "information" is contained in "personnel or medical files or similar files," or that it consists of "intimate details of a highly personalized nature" for any particular document, as required by the FOIA. Upon this showing, the Court cannot sustain the assertion of exemption 6.

Moreover, defendants' showing that any invasion of privacy that might result from disclosure would be clearly unwarranted is insufficient. The Briggs I Affidavit merely asserts that the mention of an individual in a CIA file is easily misunderstood by the general public and has negative connotations. *Id.* This bare statement does not provide the Court with enough information to perform the balancing test required by *Getman* and does not therefore sustain defendants' burden.

■ *Exemption 7(F).* The defendants have withheld portions of 31 documents on the basis of exemption 7(F).[10] This exemption protects from disclosure "investigatory records compiled for law enforcement purposes . . . to the extent that production of such records would . . . endanger the life or safety of law enforcement personnel." 5 U.S.C. § 552(b)(7)(F). The record indicates that the matters withheld on the basis of exemption 7(F) are names of Federal Bureau of Investigation (FBI) agents and that they were withheld at the request of the FBI. Briggs I Affidavit, para. 19.[11]

■ Defendants have made no showing, nor have they even asserted, that the matters withheld on the basis of exemption 7(F)

---

9. Documents 8–9, 11, 15–19, 24–26, 28–29, 32, 37–48, 51–62, 83–85, 88, 90–99, 101–02, 104–08, 110–15, 118–19, 126–29, 132–33, 137–54, 156, 159–73, 177–87, 189–91, 193–96, 199–200, 203–08, 215, 220–22, and 242.

10. Documents 54–55, 57–63, 65–72, 74, 76, 79–80, 96, 103, 115, 139, 145, 157, 208, and 224–26.

11. Normally, the CIA may not invoke exemption 7 because the Agency has no law enforcement authority. *Weissman, supra*, at 5–9. In the instant case, however, the Chief of

the Agency's Services Staff of its Directorate of Operations has sworn under oath that he is asserting exemption 7 on behalf of the FBI rather than on behalf of the CIA. Plaintiff has not challenged the practice of one agency asserting an FOIA exemption on behalf of another. In the absence of such a challenge and because the FBI may properly invoke exemption 7, the Court will consider the adequacy of defendants' showing that exemption 7(F) is properly asserted.

are "investigatory records compiled for law enforcement purposes." Likewise, they have not made any showing that release of the withheld matters would endanger the life or safety of law enforcement personnel. Defendants' affidavits, therefore, are legally insufficient under *Vaughn v. Rosen*, 157 U.S.App.D.C. 340, 484 F.2d 820 (1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), and other FOIA decisions in this Circuit to sustain defendants' claims to exemption. *See also Ash Grove Cement Co. v. FTC*, 167 U.S.App.D.C. 249, 511 F.2d 815 (1975); *Pacific Architects & Eng'rs, Inc. v. Renegotiation Bd.*, 164 U.S. App.D.C. 276, 505 F.2d 383, 385 (1974); *Retail Credit Co. v. FTC*, [1971–1] Trade Cas. (CCH) ¶ 60,727 (D.D.C.1976).

III. *Plaintiff's Motion for Participation of Counsel.*

One final matter warrants our attention. Plaintiff has requested the Court to allow her counsel and experts of his choosing to assist it during any *in camera* inspection. Such a request has been denied by Judge Flannery of this Court in a similar case, *Hayden v. CIA*, Civil No. 76–284 (D.D.C. Oct. 18, 1976) (order partially granting plaintiff's motion for *in camera* inspection). We adopt the reasoning and conclusions of Judge Flannery.

An Order will issue accordingly.