**NATIONAL COMMISSION ON LAW ENFORCEMENT AND SOCIAL JUSTICE, Plaintiff-Appellant,**

v.

**CENTRAL INTELLIGENCE AGENCY et al., Defendants-Appellees.**

**No. 77–1366.**

United States Court of Appeals, Ninth Circuit.

June 12, 1978.

Barry L. Weissman, Beverly Hills, Cal., for plaintiff-appellant.

Leonard Schaitman, U. S. Dept. of Justice, Washington, D. C., for defendants-appellees.

Before WRIGHT and TANG, Circuit Judges, and BURNS, District Judge.[*]

EUGENE A. WRIGHT, Circuit Judge:

This appeal arises under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.* The National Commission on Law Enforcement and Social Justice (NCLE) has appealed from the district court's summary judgment that records withheld from it by the Central Intelligence Agency (CIA) are exempt from disclosure under the Act's Exemptions One and Three, 5 U.S.C.

[*] Of the District of Oregon.

§ 552(b)(1) and (3). We conclude that the requested materials are specifically exempted from disclosure by Exemption Three as triggered by the statutes which specifically exempt disclosure, 50 U.S.C. §§ 403(d)(3) and 403g.

### FACTS:

NCLE requested release of documents concerning the CIA's relationships with the International Criminal Police Organization.[1] The Agency released one document but told NCLE that it had no others responsive to portions of the request and that the rest fell within FOIA Exemptions One and Three.

After exhausting its administrative remedies, NCLE sued to compel release of the allegedly exempt materials.[2] Following limited discovery, the CIA filed affidavits and a motion for summary judgment which the district court granted. This appeal followed.

### DISCUSSION:

 Exemption Three authorizes nondisclosure of materials specifically exempt by statute. As originally enacted, 5 U.S.C. § 552(b)(3) simply provided:

(b) This section does not apply to matters that are—

. . . . .

(3) specifically exempted from disclosure by statute;

. . . . .

Courts construed this provision to include statutory provisions granting broad discretion to withhold information. In *Administrator, F.A.A. v. Robertson,* 422 U.S. 255, 95 S.Ct. 2140, 45 L.Ed.2d 164 (1975), for example, the Supreme Court held that § 1104 of the Federal Aviation Act of 1958, 49 U.S.C. § 1504, was an exempting statute within the meaning of Exemption Three. Section 1104 permits the FAA administrator to withhold aviation systems analyses when he determines that disclosure "would adversely affect" the report's subject and is not "in the interest of the public."

To eliminate such broad administrative discretion,[3] Congress amended Exemption Three in 1976[4] to read:

(b) This section does not apply to matters that are—

. . . . .

(3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute

---

1. NCLE sought the following:
 (1) All policies, manuals, instructions and/or orders issued by and to personnel or sections of the CIA, both within the U.S. and abroad, regarding the status, funding, work of and/or cooperation with INTERPOL, The International Criminal Police Organization.
 (2) All correspondence between the CIA and INTERPOL, both within the U.S. and abroad, regarding the status, funding, work of and/or cooperation with that organization.
 (3) All correspondence between officials of the CIA and agencies within the Executive Branch, including but not exclusively limited to the Treasury Department and its sections, the Justice Department and its sections, the State Department and its sections, and any branches of the Armed Forces, regarding the policies toward, work with, funding of and/or cooperation with INTERPOL, both within the U.S. and abroad.
 (4) A list of all committees, active or not, of which the CIA is a member and INTER-

POL was a subject of discussion and/or decision.

2. The FOIA provides for such suits and requires a district court to review an agency's claim of exemption de novo:

 On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo . . . and the burden is on the agency to sustain its action.
 5 U.S.C. § 552(a)(4)(B).

3. *See* H.R.Rep. No. 94–880, Part 1, 94th Cong., 2nd Sess., 22–23, *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 2183, 2204.

4. The Government in the Sunshine Act of 1976, Pub.L. No. 94–409, 90 Stat. 1241.

(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

. . . . .

5 U.S.C. § 552(b)(3) (as amended by P.L. 94–409, Sept. 13, 1976).

. In considering the CIA's claim that the requested materials are exempt from disclosure under Exemption Three, our inquiry is twofold: (a) Is there a statute of the kind described by the exemption?[5] and (b) Is the withheld material within the disclosure exemption contemplated by that statute?

### (a) *Is There An Exemption Statute?*

The CIA asserts that its refusal to release the documents in question is justified under Exemption Three and the following provisions:

> [T]he Director of Central Intelligence shall be responsible for protecting intelligence sources and methods from unauthorized disclosure . . . .

50 U.S.C. § 403(d)(3) (third proviso).

> In the interests of the security of the foreign intelligence activities . . . the Agency shall be exempted from the provisions of . . . any other law which require[s] the publication or disclosure of the organization, functions, names, official titles, salaries, or numbers of personnel employed by the Agency
> . . . . .

50 U.S.C. § 403g.

NCLE concedes that these statutes justified nondisclosure under the previous version of Exemption Three. *See, e. g., Weissman v. CIA,* 184 U.S.App.D.C. 117, 119, 565 F.2d 692, 694 (1977); *Phillippi v. CIA,* 178

U.S.App.D.C. 243, 249, 546 F.2d 1009, 1015 n.14 (1976). It argues that the 1976 amendment legislatively overruled *Weissman* and *Phillippi* and removed 50 U.S.C. §§ 403(d)(3) and 403g from the ambit of the exemption. We disagree.

In unambiguous terms, Exemption Three authorizes nondisclosure of materials specifically exempted by statutes which refer to "particular types of matter to be withheld." We conclude that the statutes under which the CIA justifies its nondisclosure describe with sufficient particularity the types of information to be withheld.

We find support for our conclusion in the history of the 1976 amendment. The House Report expressly refers to § 403(d)(3) as an exempting statute:

> This would clarify the fact that statutes such as 50 U.S.C. § 403(d)(3) concerning security information . . . are included [within amended Exemption Three].

H.R.Rep. No. 94–880, Part II, 94th Cong., 2nd Sess., 14–15, n.2, U.S.Code Cong. & Admin.News, p. 2225. Representative Abzug, primary House sponsor of the Government in the Sunshine Act, also noted that § 403 was intended to survive the amendment. 122 Cong.Rec. H9260 (daily ed. Aug. 31, 1976).

We hold that the district court concluded correctly that 50 U.S.C. §§ 403(d)(3) and 403g remain specific exempting statutes under Exemption Three. *See also Baker v. CIA,* No. 76–0516 (D.C.Cir. May 24, 1978), slip op. at pp. 4–5, 7 (§ 403g & 403(d)(3) are within amended Exemption Three); *Goland v. CIA,* No. 76–1800 (D.C. Cir. May 23, 1978), slip op. at 17–19 (same); *Fonda v. CIA,* 434 F.Supp. 498, 504 (D.D.C.1977) (discussing § 403(d)(3)).

---

5. *See, e. g., Robertson,* 422 U.S. at 269--70, 95 S.Ct. at 2149 (Stewart, J., concurring):

> As matters now stand, when an agency asserts a right to withhold information based on a specific statute of the kind described in Exemption 3, the only question "to be determined in a district court's de novo inquiry is the factual existence of such a statute, regardless of how unwise, self-protective, or

inadvertent the enactment may be." [Citation and footnote omitted.]

Post-amendment case law leaves this principle intact. *See, e. g., Fonda v. CIA,* 434 F.Supp. 498, 504 (D.D.C.1977). The 1976 amendment reduced the number of statutes within the scope of Exemption Three, but once a statute is found to satisfy the exemption's conditions, the first inquiry is ended.

### (b) Is The Withheld material Within The Exempting Statute?

■ NCLE argues that the material it requested was improperly considered subject to the Agency's statutory duty of nondisclosure. However, the CIA's affidavits explained thoroughly its reasons for resisting release of these documents.[6]

The affidavits contained detailed information from which the district judge could conclude that release of the withheld documents "can reasonably be expected to lead to unauthorized disclosure of intelligence sources [or] methods." *Phillippi,* 178 U.S. App.D.C. at 249, 546 F.2d at 1015 n.14. NCLE does not allege, nor did it offer any proof, that the CIA's decision to withhold the material was made in bad faith. We shall not attempt to second-guess the CIA Director who is entrusted with the responsibility and authority to make that decision.[7]

We hold that the requested material was properly withheld under the applicable statutory provisions and Exemption Three. Appellant's contentions raised no issue of material fact and summary judgment was proper. We need not consider the Agency's claim that the material is also exempt from disclosure under Exemption One of the FOIA.

The judgment is affirmed.

---

6. The following exemplifies the affidavits' commentary on each document:

*Description*

*Document No. 1*
Memo for Chairman, CCINC (Cabinet Committee on International Narcotics Control) Working Group, Mr. Egil Krogh, Jr. from CIA employee acting within his capacity within the Working Group, dtd Nov. 20, 1972, marked "Secret," two pages with attachment. This document consists of information concerning deliberations regarding means by which INTERPOL collects intelligence abroad and describes intelligence sources and methods. In addition, it contains the name of a CIA employee. Attached to the memo described above is a Memo for the Record dtd Nov. 20, 1972, containing the minutes of a meeting of the Foreign Intelligence Subcommittee of the CCINC Working Group, consisting of five pages, each marked "Secret." About one half or seven of 13 paragraphs of this document is devoted to the deliberations mentioned above. The remainder is not responsive to plaintiff's request. This attach-

---

ment also contains the names of Agency employees.

*Disposition*

Withheld in entirety on basis of exemps. b(1), b(3) (§ 102(d)(3) of the National Security Act of 1947, § 6 of the CIA Act of 1949), and b(5) of the Freedom of Information Act.

7. When an agency has supplied detailed affidavits or testimony, *in camera* inspection of documents allegedly exempt from disclosure under Exemption Three rarely will be necessary, particularly where the claim of exemption touches on national security. *See, e. g., Fonda v. CIA,* 434 F.Supp. at 504 & n.7.

Appellant concedes that the CIA's claim of exemption is made in good faith, but asks that we evaluate the agency's decision to withhold the requested materials. Moreover, NCLE asks us to undertake such a review on a record that presents no issue of material fact as to the propriety of the nondisclosure but includes detailed affidavits supporting it. We decline the invitation.

