**COASTAL STATES GAS CORPORATION, Plaintiff,**

v.

**DEPARTMENT OF ENERGY,
Defendant.**

**Civ. A. No. 79–197.**

United States District Court,
D. Delaware.

June 30, 1980.

William O. LaMotte, III, and Lawrence A. Hamermesh, Morris, Nichols, Arsht & Tunnell, Wilmington, Del. for plaintiff; J. Todd Shields, Rene P. Lavenant, Jr., and Charles S. Patterson, Jr., Fulbright & Jaworski, Houston, Tex., of counsel.

James W. Garvin, Jr., U. S. Atty., and John X. Denney, Jr., Asst. U. S. Atty., Dept. of Justice, Wilmington, Del., Alice Daniel, Asst. Atty. Gen., Vincent M. Garvey, and Stephen E. Hart, Dept. of Justice, Washington, D. C. for defendant.

### OPINION

MURRAY M. SCHWARTZ, District Judge.

In addition to its motion for partial judgment or, in the alternative, to compel preparation of an adequate *Vaughn* index, which is the subject of another Opinion issued this date, Coastal States Gas Corporation ("plaintiff" or "Coastal")[1] has presented a motion for more adequate search in this action based upon the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The instant motion seeks to compel the defendant Department of Energy ("DOE") to conduct a more exhaustive search within the Department for agency records responsive to plaintiff's FOIA request filed with DOE on October 18, 1978. Subsequent to oral argument on plaintiff's motions in this action, the DOE filed several affidavits with respect to offices plaintiff seeks to have searched. (Doc. Nos. 83–87). Plaintiff then initiated discovery with respect to one or more of these offices and dropped its request that others be searched.[2] Comments by both counsel addressed to this discovery were received by the Court by May 26, 1980, and this motion is now ripe for decision. The offices within the DOE which remain the subject of plaintiff's motion are the following:

Secretary
Deputy Secretary
Special Assistant to the Secretary
Executive Secretary
Freedom of Information Office
Regional Counsel's Office for Region VI
Regional Counsel's Office for Region IX
Field Offices of the Office of Special Counsel for Compliance ("OSC")

I. *The Scope of the Agency's Duty to Search: In General*

█ Under the FOIA, a federal agency must respond to requests for agency records from members of the public by making the records "promptly available" unless they fit

---

1. Plaintiff is the same entity as The Coastal Corporation, the plaintiff in Civil Action No. 80–8, in which an Opinion is being issued this date. Coastal States Gas Corporation changed its name to The Coastal Corporation subsequent to the institution of this action, but did not amend the caption of this action to reflect that change.

2. In addition, the DOE has agreed to search another nine offices and contends that no Order is necessary with respect to these offices. However, to maintain uniform and effective administration in this action, the Court will enter an Order requiring the DOE to search these offices.

within statutory and regulatory exemptions. *See* 5 U.S.C. §§ 552(a)(3)(B); *Chrysler Corp. v. Schlesinger*, 565 F.2d 1172 (3d Cir. 1977), *rev'd on other grounds*, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979). The agency's duty to search for such records is not to be taken lightly for, as stated recently by the U. S. Court of Appeals for the District of Columbia,

> If the agency can lightly avoid its responsibilities by laxity in identification or retrieval of desired material, the majestic goals of the Act will soon pass beyond reach. And if, in the face of well-defined requests and positive indications of overlooked materials, an agency can so easily avoid adversary scrutiny of its search techniques, the Act will inevitably become nugatory.

*Founding Church of Scientology v. National Security Agency*, 610 F.2d 824, 837 (D.C.Cir. 1979) (hereinafter "*Church of Scientology v. NSA* ").

■ On the other hand, an agency's duties under the FOIA are not without limit. The statute requires an agency to satisfy only those requests which "reasonably describe" the agency records sought. 5 U.S.C. § 552(a)(3). Moreover, an agency is not required to reorganize its filing system

in response to each FOIA request. *Church of Scientology v. NSA, supra*, at 837; *Goland v. Central Intelligence Agency*, 607 F.2d 339, 370 (D.C.Cir. 1978), *cert. denied*, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980); *Irons v. Schuyler*, 465 F.2d 608, 615 (D.C.Cir.), *cert. denied*, 409 U.S. 1076, 93 S.Ct. 682, 34 L.Ed.2d 664 (1972). It must, however, make "reasonable efforts" to satisfy FOIA requests. *Church of Scientology v. NSA, supra*, at 837; *Cerveny v. Central Intelligence Agency*, 445 F. Supp. 772, 774 (D.Colo.1978). In addition, the agency has the burden of demonstrating that it has done so. *Church of Scientology v. NSA, supra*, at 836; *Goland, supra*, at 352.[3] This may be done by the submission in good faith of "relatively detailed," "non-conclusory" affidavits. *Id.*

**II.** *Application of These Standards to Plaintiff's Motion for More Adequate Search*

**A.** *Offices of the Secretary, Deputy Secretary, Special Assistant to the Secretary, Regional Counsel's Offices, Regions VI and IX, OSC Field Offices*

The first three offices have been referred to as the "apex" offices of the DOE. (Doc.

---

**3.** The DOE relies upon the following language from *Ricks v. Turner*, C.A. No. 77–1806 (D.D.C. 1978), for the proposition that the FOIA plaintiff has the burden of demonstrating to the Court that the agency possesses records it has not yet identified:

> While normally in Freedom of Information Act cases the burden of proof is on the agency to show that the documents in question are privileged, see, *Schaffer v. Kissinger*, 505 F.2d 389 (D.C.Cir. 1974); *Tax Analysts and Advocates v. Internal Revenue Service*, 505 F.2d 350 (1974), we do not believe that the burden may be placed upon the agency to show a negative; that is to show that given documents do not exist. Therefore, we believe that a person seeking such documents must meet a minimal initial burden of showing that the information in question was in fact gathered and transcribed, recorded, or otherwise perpetuated in some form.

Slip op. at 3–4, *quoting DiModica v. Department of Justice*, Civil No. 75–2480 (N.D.Ga. 1977) at 2.

This language, however, must be construed in the factual context of *Ricks*. In that case, the agency conducted a search which yielded

no documents responsive to the plaintiff's FOIA request. The agency then moved for summary judgment and proffered the affidavit of its Information and Privacy Coordinator which recited the agency's search efforts and results. Additionally, the agency filed detailed answers to interrogatories concerning the search procedures utilized. In stark contrast, the plaintiff produced no affidavits and set forth no facts to show that a genuine issue as to the adequacy of the search existed for trial. The district court granted defendant's motion for summary judgment by citing the language quoted above.

In light of the procedural context of *Ricks*, the Court chooses to follow the District of Columbia Circuit's opinions in *Goland, supra*, and *Church of Scientology v. NSA, supra*, which require the agency to affirmatively demonstrate the adequacy of its search. Placing the burden upon the FOIA plaintiff to establish the existence of specific records before requiring an agency search for records would seriously undermine the statute's "overwhelming emphasis upon disclosure." *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C.Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

No. 73, Transcript of Oral Argument at 120–21) ("hereinafter Tr. ___"). Although the affidavit of Patricia H. Gravatt, Director of the Document Control and Analysis Division of the Office of the Executive Secretary ("OES"), touches upon the filing systems employed by these offices, it does not constitute the relatively detailed information required by the case law. Similarly, the information elicited at Ms. Gravatt's deposition (Doc. No. 96), does not meet the agency's burden with respect to these three offices. For example, she did not know whether it was possible that the apex officials maintain their files in a manner susceptible of search (Doc. No. 96 at 104–05); indeed, she was unaware whether these officials even maintained their own files. (*Id.*)

■ Quite clearly, the DOE has been aware of its burden to justify its failure to search the offices that were the subject of plaintiff's motion. Its brief indicates knowledge of the *Church of Scientology v. NSA* and *Goland v. CIA* cases and concedes that resolution of the issue "turns on the facts of how this search was conducted. Once examined, those facts will demonstrate conclusively that this was a good faith search carried out in a reasonable manner." (Doc. No. 55 at 4). At oral argument, the Court informed counsel that it could only consider representations that were a part of the record in this case. (Tr. 150–54). Subsequently, the DOE filed the "declarations" of five DOE employees with respect to five of the offices still in dispute at that time. (Doc. Nos. 83–87). The DOE, however, failed to address on the record the three apex offices, the field offices of the

Office of Special Counsel for Compliance, and Regions VI and IX of the Regional Counsel's Office.[4] In light of the DOE's knowledge of the requirement that a factual justification of its failure to search be made on the record and its opportunity to present such a record, I conclude that searches for documents responsive to plaintiff's FOIA request must be undertaken in these offices.

**B. The Office of the Executive Secretary ("OES")**

■ As noted, the DOE has filed the affidavit of Ms. Gravatt, an official within OES. Although plaintiff objected to the filing of this document after oral argument, Ms. Gravatt's deposition was taken by plaintiff in an effort to "protect itself" in the event the Court considered the affidavit despite its late filing date. Under these circumstances, the Court has considered both the affidavit and deposition in analyzing the DOE's refusal to search OES.[5] The record is clear that, with regard to the vast majority of plaintiff's FOIA request, documents could be obtained only by searching all of OES's files. As Ms. Gravatt makes clear, the bulk of the office's files are organized either by the name of the person writing the agency or by the date of correspondence. (Doc. No. 86, ¶¶ 12–25; Doc. No. 96, at 80–82). While the agency does maintain control sheets by broad subject matter, these would be of little aid in formulating a fruitful search. (Doc. No. 86, ¶¶ 24, 25, 26, 27; Doc. No. 96, at 82–83). An agency need not reorganize its system

---

4. The DOE also failed to support on the record its failure to search its Freedom of Information Office ("FOI") for documents responsive to plaintiff's request. However, in light of the representations from both counsel that so-called "finding aids" exist with respect to the files of this office (Tr. 128, 155), only a limited search of the FOI office will be ordered at this time.

5. The Court's consideration of the Gravatt affidavit should not be taken by the DOE as condonation of any untimely filings in the future. Moreover, the decision to consider the affidavit

in this case does not weaken the Court's decision not to consider the revised *Vaughn* index proffered by DOE in response to plaintiff's motion for partial judgment. Consideration of the affidavit is based on the relative recency of the developing case law with respect to the adequacy of FOIA searches, as compared to the longstanding requirement for an adequate *Vaughn* index, as well as the relative lack of prejudice to Coastal as a result of the late filing because of its opportunity to test the veracity of Ms. Gravatt's affidavit through her deposition.

of filing documents in response to a FOIA request, see page 1181 *supra.* Thus, the agency has met its burden of demonstrating that "reasonable efforts" would not satisfy plaintiff's FOIA request. *See National Cable Television Ass'n, Inc. v. Federal Trade Commission,* 479 F.2d 183, 192 (D.C.Cir. 1973).

Certain portions of the plaintiff's FOIA request (Doc. No. 1, Ex. A), however, do request specific items of correspondence or internally generated memoranda by author, recipient and approximate date. *See, e. g,* Items 6d–g; 7c(1)–(8). To the extent that these documents have not been identified elsewhere within the agency, the OES should be searched for them. In addition, the agency is expected to fulfill its regulatory duty to "extend to the requester an opportunity to confer with knowledgeable DOE personnel in an attempt to restate the request or reduce the request to manageable proportions by reformulation and by agreeing on an orderly procedure for the production of the records." 10 C.F.R. § 1004.4(c)(2).

### C. *Freedom of Information Office*

■ The DOE has failed to provide a record with respect to this office. *See* note 3 *supra.* Appendix J to plaintiff's Opening Brief, (Doc. No. 48), a memorandum from Lee Pucillo of the FOI office to Janice Alperin, a DOE attorney supervising the search for documents responsive to plaintiff's request, outlines somewhat the filing system employed by the FOI office. Both counsel have confirmed the representations made in that memorandum that "finding aids" in the form of Log Books identifying the files by subject matter are in existence. (Tr. 128, 155). Therefore, in accordance with the Court's suggestion at oral argument, *see* Tr. 159–60, the DOE will be ordered to review its finding aids and search those files which, in its view, would most likely contain information responsive to plaintiff's request. At the same time, the DOE will be ordered to make the FOI office's Log Books available to Coastal and to search those files subsequently requested by Coastal.

### D. *Cost of Living Council Documents*

■ Plaintiff has argued that since the DOE's search to date has failed to reveal pre-1973 agency documents responsive to its FOIA request, the DOE's search was inadequate. (Doc. No. 48 at 19–20; Doc. No. 59 at 16–20; Tr. 129–30). These documents would have been promulgated by the Cost of Living Council Energy Division, a predecessor agency to DOE. The DOE has rebutted plaintiff's inference of an inadequate search in its answering brief, (Doc. No. 55 at 5–7), but, once again, factual representations of counsel in a brief may not be considered by the Court. Plaintiff has requested an order requiring the DOE to "make a specific search for the present whereabouts of the records of the Cost of Living Council's Energy Division by circulating a 'to all persons' memorandum within its Economic Regulatory Administration and its office of General Counsel." (Doc. No. 95).[6] This request is a reasonable one and will be granted, in view of the DOE's failure to justify its search on the record.

An order will be entered in accordance with this Opinion.

---

**6.** At oral argument, plaintiff's counsel limited his request to a search of the national head-

quarters of these DOE offices. (Tr. 129).