The COASTAL CORPORATION,
Plaintiff,

v.

DEPARTMENT OF ENERGY,
Defendant.

Civ. A. No. 80–8.

United States District Court,
D. Delaware.

June 30, 1980.

William O. LaMotte, III, and William T. Allen, Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for plaintiff; J. Todd Shields, Jay Allen Chaffee and Charles S. Patterson, Jr., Fulbright & Jaworski, Houston, Tex., of counsel.

James W. Garvin, Jr., U.S. Atty. and John X. Denney, Jr., Asst. U.S. Atty., Dept. of Justice, Wilmington, Del., Alice Daniel, Asst. Atty. Gen., Vincent M. Garvey and Stephen E. Hart, Dept. of Justice, Washington, D.C., for defendant.

## OPINION

MURRAY M. SCHWARTZ, District Judge.

In this action based upon the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff The Coastal Corporation ("Coastal" or "plaintiff") has presented a motion to compel preparation of a *Vaughn* index.[1] The defendant in this action, the Department of Energy ("DOE"), has agreed to prepare a *Vaughn* index of all documents responsive to Coastal's FOIA request asserted by DOE to be exempt from disclo-

---

1. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). For a discussion of the purposes served by a *Vaughn* index and its importance to the Court and the FOIA plaintiff in resolving FOIA disputes, *see generally* this Court's Opinion this date on plaintiff's motion for partial judgment in *Coastal States Gas Corp. v. Department of Energy,* 495 F.Supp. 1172. Plaintiff is the same entity as the plaintiff in 495 F.Supp. 1180.

sure. While there is agreement between the parties as to several of the elements to be contained in the index to be prepared by DOE, there remains a dispute as to several other items.

■ At oral argument, both parties utilized, for reference purposes, plaintiff's proposed order compelling preparation of a *Vaughn* index and the specific items contained therein. (Doc. No. 12, Appendix). This order reads in pertinent part:

ORDERED that the DOE's *Vaughn* index shall adequately describe each withheld agency record or deletion from a released agency record by providing a detailed analysis of the content of the withheld material in manageable segments. This detailed segment-by-segment analysis of the content of the withheld material shall specify for each withheld agency record or deletion from a released agency record:

(a) the number of pages comprising the agency record and an identification as to its general type (*e.g.*, letter, memorandum, issue paper, etc.);

(b) the full name(s) of all author(s), to the extent indicated in the record, and exactly as such name or names may appear in each record;

(c) the date, to the extent indicated in the record;

(d) the full name(s) of all addressee(s), to the extent indicated in the record, and exactly as such name or names may appear in each record;

(e) the full name(s) of the additional person or persons to whom each agency record was circulated and/or made available, to the extent indicated in the record, and exactly as such name or names may appear in each record;

(f) the title, subject matter or "re" of each agency record, and the titles or headings of all subdivisions thereof, except insofar as such titles or headings may themselves be asserted to be exempt, in which case the DOE shall support its assertions of such exemptions in the manner provided in this Order;

(g) a detailed description, set forth in manageable segments, of the entire content of each withheld agency record or deletion from a released agency record;

(h) the full name (and department or division assignment within the DOE) of the person who was the custodian of each agency record at the time it was identified as being responsive to Coastal's FOIA request; and

(i) the numbered item or items in Coastal's FOIA request, if any, to which each agency record is considered responsive. It is, further

ORDERED that the DOE's *Vaughn* index shall contain detailed justification statements giving particularized and specific justifications for each claim for exemption, which justification statements shall:

(a) specify in detail which parts of each agency record are asserted to be exempt and precisely why, giving reasons rather than conclusions;

(b) be set forth in manageable segments;

(c) be cross-referenced to actual portions of the withheld material;

(d) contain specific factual or evidentiary material to support each element of a claimed exemption;

(e) differentiate and separately cross-reference each exemption claim in those instances in which more than one exemption is claimed for an agency record or portion thereof;

(f) describe what proportion of the information in each agency record is non-exempt and how that material is dispersed throughout the agency record, addressing specifically whether factual material could be segregated from exempt material and disclosed and if not why not;

(g) the specific injury to DOE which release allegedly would create; and

(h) why the public interest does not favor disclosure. It is further

ORDERED that the defendant's *Vaughn* index shall be contained in one

instrument complete in itself and shall be sworn to by the DOE employee who is most knowledgeable concerning the preparation of the index and its content.

### I. ANALYSIS OF DESCRIPTION OF DOCUMENT SECTION OF PROPOSED ORDER

#### A. ITEMS (a)–(d)

At oral argument, plaintiff amended items (b) and (d) to include the job titles or positions of all authors and addressees, to the extent such information is indicated in the documents. (495 F.Supp. 1172, at 1173) (hereinafter "Tr."). Counsel for DOE agreed that items (a)–(d) as amended were acceptable. (Tr. 64).

#### B. (e) CIRCULATION LIST

DOE objects to the inclusion of a circulation list as an absolute requirement for every document. While it recognizes the obvious importance of this requirement to several disclosure exemptions, notably exemptions (5) and (7), 5 U.S.C. § 552(b)(5), (7), (Tr. 72), the DOE contends that such a requirement would be burdensome and that "it [is] up to the Department of Energy to decide when it would be relevant and when not because they [sic], after all, are the ones that have to justify their exemptions, and if in fact they leave out necessary information, it is their responsibility for leaving it out, it is their problem." (Tr. 64–65). Several times during oral argument, counsel for DOE expressed the view that the Department should be given the "latitude" to decide whether particular items in plaintiff's proposed order were relevant to a specific document or exemption. See, e.g., Tr. 64, 66, 67, 79, 87, 90, 96. However, based on the DOE's past performance in this Court with regard to the preparation of a Vaughn index, see Coastal States Gas Corp. v. Department of Energy, 495 F. Supp. 1172 (D.Del.1980) (Opinion on plaintiff's motion for partial judgment), the Court declines to adopt the DOE's suggestion that a circulation list be included only when the DOE deems it necessary. Inas-

much as section (e) calls for a list of the additional persons "to whom each agency record was circulated and/or made available, to the extent indicated in the record," its inclusion as to every document is a nonburdensome mechanical task which should not be left to the agency's discretion.

#### C. (f) TITLE, SUBJECT MATTER OR "RE"

Instead of this section, the DOE has proposed that the following requirement be incorporated in the Court's order,

> the subject matter of the document or withheld portions thereof, if relevant to the exemption claim(s) and not exempt itself.

(Doc. No. 10).

Once again, the DOE's proposed "relevance" standard is unacceptable. The information contained in section (f) can be taken directly from the documents in question without much effort and may be useful to both plaintiff and the Court in determining the propriety of the agency's claims of exemption. Accordingly, section (f) of plaintiff's proposed order is adopted.

#### D. (g) DETAILED DESCRIPTION OF CONTENTS

The DOE's sole objection to this section is to the use of the word "entire." (Tr. 78–79). It would prefer that the Court "allow the Department of Energy to make its own decision about how much description were needed for the particular type of document, that it would allow the latitude that is necessary for it to give the description and carry its burden." (Tr. 79). Obviously, the amount of detail included in such a description will vary with the particular documents; however, a description of the contents of the "entire" document or excerpt thereof withheld from disclosure must be provided. Of course, "the descriptions of withheld material need not be so detailed as to reveal that which the agency wishes to conceal, but they must be sufficiently specific to permit a reasoned judgment as to

whether the material is actually exempt under FOIA." *Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979).

## E. *(h), (i) CUSTODIAN; REFERENCE TO FOIA REQUEST*

Coastal admits these two sections are not aimed at determining the validity of the DOE's disclosure decisions (Tr. 29), but are instead intended to obtain information with regard to the adequacy of the agency's search for documents responsive to a FOIA request. As such, plaintiff concedes, there is no caselaw support for their inclusion in a *Vaughn* index. However, as noted by Chief Judge Wright and former Chief Judge Bazelon of the District of Columbia Circuit Court of Appeals, a court with considerable experience and expertise in FOIA litigation and the originator of the *Vaughn* requirements, *Vaughn* and its progeny do not necessarily limit the items to be contained in a *Vaughn* index to the specific requirements set forth in those cases. "The evolution of the [*de novo*] review process must continue; additional creative innovations by counsel, the courts, and Congress are necessary to solve the problems that persist." *Ray v. Turner*, 587 F.2d 1187, 1222 (D.C. Cir. 1978) (Wright, C. J., concurring). "I do not suppose, nor, I assume, does the Court, that the procedures we have mandated to govern the remands here and in *Vaughn v. Rosen*, . . will completely dispose of the problem. They are, like much in the law, an experiment to be tried by experience. And experience may prove that additional steps or different approaches are called for." *Cuneo v. Schlesinger*, 484 F.2d 1086, 1093 (D.C. Cir. 1973) (Bazelon, C. J., concurring), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

The issue of the adequacy of an agency's search for requested documents has recently begun to surface both in this District and elsewhere. _*See, e. g., Coastal States Gas Corp. v. Department of Energy*, 495 F. Supp. 1172 (D.Del.1980) (Opinion on plaintiff's motion for more adequate search); *Founding Church of Scientology v. National Security Agency*, 610 F.2d 824 (D.C. Cir. 1979); *Goland v. Central Intelligence Agency*, 607 F.2d 339 (D.C. Cir. 1978), *cert. denied*, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980). While the DOE contends the inclusion of sections (h) and (i) would be burdensome to the agency (Tr. 79–81), it may alleviate much of the burden and expense of subsequent discovery designed to ascertain the adequacy of the agency's search. Moreover, to the extent the information elicited by section (h) may be contrary or supplemental to information obtained from sections (d) and (e), it may have some bearing upon the merits of the agency's claims of exemption. Accordingly, sections (h) and (i) of plaintiff's proposed order will be adopted.

## II. *ANALYSIS OF JUSTIFICATION SECTION*

### A. *SECTIONS (a)–(c)*

Although the DOE would prefer use of the word "correlate" rather than "cross-reference" in section (c) (Tr. 82–85, 88), it does not appear to contest the need for the requirements set forth in sections (a)–(c). These requirements are synthesized from previous caselaw in the District of Columbia Circuit[2] and are necessary to effective consideration by the Court and the plaintiff of the agency's claims of exemption.

### B. *(d) SUPPORTING FACTUAL MATERIAL*

DOE asserts that this information should not be required in every instance

---

**2.** *See, e. g., Vaughn v. Rosen*, 484 F.2d 820, 826–27 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974); *Cuneo v. Schlesinger*, 484 F.2d 1086, 1092 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974); *Pacific Architects and Engineers Inc. v. Renegotiation Board*, 505 F.2d 383, 385 (D.C. Cir. 1974); *Schwartz v. Internal Revenue Service*, 511 F.2d 1303, 1306 (D.C. Cir. 1975); *Mead Data Central, Inc. v. U. S. Department of the Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977); *Ray v. Turner*, 587 F.2d 1187, 1197 (D.C. Cir. 1978); *Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979).

and notes that in *Pacific Architects and Engineers Inc. v. Renegotiation Board*, 505 F.2d 383, 385 (D.C. Cir. 1974), the court promulgated the requirement that the agency provide "specific factual or evidentiary material to support the conclusion reached" with specific reference to Exemption (4), 5 U.S.C. § 552(b)(4). However, subsequent decisions have made clear the need for government agencies to demonstrate, as a factual matter, that the statutory exemptions are applicable to the documents or portions thereof alleged to be exempt. *See e. g., Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 863, 866, 868–870, (D.C. Cir. 1980); *Mead Data Central, Inc. v. U. S. Department of the Air Force*, 566 F.2d 242, 253–55 (D.C. Cir. 1977). With respect to exemption claims that encompass more than one element, the DOE must set forth facts which satisfy all elements of a particular exemption. For example, if the attorney-client privilege is asserted under exemption (5), the agency must provide the court and the plaintiff with specific factual or evidentiary material sufficient to meet each element of this privilege. *See Coastal Corporation v. Duncan*, 86 F.R.D. 514, 520–521 (D.Del. 1980).

## C. *(e) MULTIPLE CLAIMS OF EXEMPTIONS*

█ The problem of multiple claims of exemptions for specific documents or portions thereof has been addressed on several occasions. *See, e. g., Vaughn v. Rosen, supra*, 484 F.2d at 827–28; *Cuneo v. Schlesinger, supra*, 484 F.2d at 1091; *Ray v. Turner, supra*, 587 F.2d at 1196–97; *Founding Church of Scientology v. Bell, supra*, 603 F.2d at 949. It is essential to an intelligent disposition of the agency's claims of exemption that the Court and the plaintiff know precisely under which exemption each document or portion thereof is asserted to be exempt from disclosure.

## D. *(f) SEGREGABILITY*

█ The FOIA contains a specific reference to the segregation and disclosure of nonexempt information as follows:

Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection.

5 U.S.C. § 552(b).

In *Mead Data Central, Inc. v. U. S. Department of the Air Force, supra*, the court required a similar version of section (f) to be included in an agency's *Vaughn* index. The court noted that:

Armed with such a description, both litigants and judges will be better positioned to test the validity of the agency's claim that the non-exempt material is not segregable. For example, if only ten percent of the material is non-exempt and it is interspersed line-by-line throughout the document, an agency claim that it is not reasonably segregable because the cost of line-by-line analysis would be high and the result would be an essentially meaningless set of words and phrases might be accepted. On the other extreme, if a large proportion of the information in a document is non-exempt, and it is distributed in logically related groupings, the courts should require a high standard of proof for an agency claim that the burden of separation justifies nondisclosure or that disclosure of the non-exempt material would indirectly reveal the exempt information.

566 F.2d at 261.

The DOE, relying upon language that immediately follows the above paragraph in *Mead*, contends this information is not necessary in every FOIA case.

Of course it is the cases in between these extremes which, no doubt, will more frequently present themselves to the courts and provide the true test for the procedures we have suggested. We therefore urge that they not be viewed as a thaumaturgic formula, but as a potentially useful approach, to be tried and improved by experience, as the courts struggle to strike a balance between the unavoidably conflicting values implicated by the segregability requirement of the FOIA.

*Id.*

Whether such information is necessary in every *Vaughn* index need not be decided at

this time. However, in light of the DOE's failure to satisfy the segregability requirement of the Act in 495 F.Supp. 1172 Civil Action No. 79–197, see Tr. B–44–45, it is concluded that such information should be required in the instant case. In so doing, the Court recognizes the additional burden imposed on the DOE by this requirement. However, fulfillment of this requirement will hopefully direct the DOE's strict attention to the segregability problem, perhaps leading the agency to conclude that the withholding of information is not justified by the costs of doing so, thereby effectuating the congressional purpose of the maximum possible disclosure. See Mead Data Central, Inc., supra, 566 F.2d at 261; Vaughn v. Rosen, supra, 484 F.2d at 828.

E.  (g), (h) SPECIFIC INJURY TO DOE, PUBLIC INTEREST

■ Coastal has incorporated these sections in its proposed order "primarily to require creation of an administrative record supporting the agency's decisions concerning discretionary disclosure of exempt documents. This Court could then use such a record as a basis for subjecting those decisions to judicial review." (Doc. No. 12, Reply Brief in Support of Plaintiff's Motion to Compel Preparation of a Vaughn Index, at 14). An agency may decide, as a matter of discretion, to disclose agency records that fall within the statutory exemptions and are therefore exempt from mandatory disclosure. Under the DOE's FOIA regulations, "[t]o the extent permitted by other laws, the DOE will make available records which it is authorized to withhold under 5 U.S.C. 552 unless it determines that such disclosure is not in the public interest." 10 C.F.R. § 1004.1. Judicial review of an agency's discretionary disclosure decisions is limited to determining whether the agency's action amounts to an abuse of discretion. Crucial to this review is a determination whether the agency has complied with its own regulations governing such disclosure decisions. See Mead Data Central, Inc. v. U. S. Department of the Air Force, 566 F.2d 242, 258–59 (D.C. Cir. 1977); Chrysler Corp. v. Schlesinger, 565 F.2d 1172, 1192 (3d

Cir. 1977), rev'd on other grounds, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979). See also Kelly v. Railroad Retirement Board, 625 F.2d 486, 492 (3d Cir. 1980).

■ In light of the DOE's FOIA regulations, section (h)—why the public interest does not favor disclosure—is essential to a proper review of the agency's disclosure decisions. Indeed, DOE does not object to providing such a section in its Vaughn index. (Tr. 90). However, "due to the often repetitive nature of this information" it proposes to do so "by affidavit with appropriate correlations to exempt documents and portions of documents." (Doc. No. 11, Defendant's Memorandum of Points and Authorities in Support of its Opposition to Plaintiff's Motion to Compel Preparation of a Vaughn Index, at 7 n. 10). The District of Columbia Circuit has referred to its requirement that the index "be contained in one document, complete in itself" as an "indispensable" element of a Vaughn index. Founding Church of Scientology v. Bell, supra, 603 F.2d at 949. This requirement not only eases the Court's task by avoiding the confusion of shuffling between two or more documents in deciphering the agency's claims of exemptions, but may also focus the agency's attention on the need for secrecy with respect to each individual document or portion thereof.

Section (g)—the specific injury to DOE from disclosure—will not be required in the DOE's Vaughn index. The agency's FOIA regulations make no reference to harm to DOE as a factor to be considered in disclosure decisions. Cf. Chrysler Corp. v. Schlesinger, supra, 565 F.2d at 1177 (Office of Federal Contract Compliance regulations require release of information if such disclosure "furthers the public interest and does not impede any of the functions of the OFCC or the Compliance Agencies."). Moreover, as developed at oral argument, the specific injury to the agency is not easily susceptible of articulation short of "boiler plate" phraseology. See Tr. 35–40. Section (g) would be burdensome to the agency and would not materially advance the inquiry of the Court and the plaintiff.

**64**

Accordingly, section (h) of plaintiff's order will be adopted, but section (g) will be rejected.

### III. *CONCLUSION*

The Court is not unaware of the substantial burden placed on the DOE by the requirements set forth in this Opinion. These requirements, however, if carried out by the agency, will advance the congressional policy behind FOIA in several material respects. First, the agency may be prodded to adopt what has been referred to as "the simplest and most effective solution"—the voluntary disclosure of the maximum information possible under FOIA. *Vaughn v. Rosen, supra,* 484 F.2d at 828. Second, these procedures will help to effectuate the congressional mandate to "expedite" FOIA litigation in every way. The *Vaughn* index as set forth herein is a most useful tool in the effort to conduct FOIA litigation in the most efficient manner possible.